CHARLOTTE B. DILLAYE vs. SMITH A. PARKS.

Where a married woman sues alone, and her disability does not appear upon the face of the complaint, the defendant, if he intends to avail himself of the coverture as a defense, should set it up in his answer.

If the defendant, in his answer, merely denies each and every allegation in the complaint, he waives whatever advantage he might have had by pleading the coverture.

Where a promissory note is indorsed over and delivered to a married woman, by the payee, the property in the note vests in her; and, not proceeding from her husband, it is acquired in the form and mode prescribed by the statute for the acquisition of property by married women, which they are to hold and enjoy as their separate estate.

The possession of, and property in, the note constitute a separate estate therein, which will authorize a married woman to sue, alone, upon such a note.

APPEAL from a judgment entered upon the report of a referee. The action was upon a promissory note.

*Dillaye & Cole,* for the plaintiff.

*H. C. Place,* for the defendant.

*By the Court,* BROWN, J. The disability of the plaintiff, who is a married woman, did not appear upon the face of the complaint. If the defendant, therefore, intended to avail himself of the coverture as a defense to the action, he should have set it up in the answer. She might then have shown, if it was in her power, that the action concerned her separate estate, and the precise question upon which the referee decided in favor of the defendant would have been presented by the pleadings. The defendant, however, in his answer, denied each and every allegation in the complaint only, and thus waived whatever advantage he might have had by pleading the coverture.

The action was brought to recover the money due upon a promissory note dated April 22, 1858, made by the defendant, Smith A. Parks, payable to the order of William A. Jacobia, for $300, at the City Bank, for value received, three months after date, and by William A. Jacobia indorsed and delivered

Dillaye *v.* Parks.

over to the plaintiff. All these facts were admitted to be true upon the trial before the referee, and it also appeared that the plaintiff was a married woman, and there was no proof that she had a separate estate, other than her right of property in the subject matter of the action. Upon this latter ground alone the referee found in favor of the defendant, and judgment was entered accordingly.

The force and validity of the promissory note, and the defendant's obligation to pay it, was not in dispute. By force of the act of 1849, a married woman may take by inheritance, gift, grant or devise, from any person other than her husband, real and personal property, or any interest or estate therein, with the like effect as if she was unmarried, and the same shall not be subject to the disposal of her husband, nor liable for the payment of his debts. The note in question was indorsed over and delivered to the plaintiff after its date, which was the 22d April, 1858, by the payee. The property in the note thereupon vested in her, and as it did not proceed from her husband, it was acquired in the form and mode prescribed by the statute for the acquisition of property by married women, which they are to hold and enjoy as their separate estate. The possession of, and property in, the note constituted the separate estate, for the want of which the referee ordered judgment against the plaintiff.

Upon both grounds I think the referee erred, and the judgment should be reversed and a new trial granted at the circuit, with costs to abide the event.

[KINGS GENERAL TERM, February 13, 1860. *Emott, Lott* and *Brown,* Justices.]