By the Court, Monell, J.
The only question to be examined in this case is, whether the plaintiffs, through the indorsement of the payee of the bills, a married woman, acquired a title to them, which they can assert against the acceptor.
It nowhere appears who was the husband of Mrs. Edith Kane. The justice has not found the fact; nor is there any evidence which.shows that she was the wife of Pierre C. Kane, the drawer of the bills. The plaintiffs are entitled to the benefit of any presumption which will uphold their judgment; and in the absence of all proof, we must presume she was not the wife of the drawer. The mortgage from Kane and wife to the plaintiffs, which is printed in the case, was not admitted or read in evidence and we can not therefore look into it for evidence on the subject.
Whether the payee of the bills was the wife of the drawer, or otherwise, is perhaps not material. By the common law, a married' woman was incapable of making any legal contract binding upon herself. Husband and wife were one person, and the legal existence of the wife was merged in that of her husband. Hence a married woman could not make, indorse, or accept notes or bills, as acting for herself; nor would the indorsee of a note or bill acquire any title through the indorsement of a married woman indorsing in her own name. (Barlow v. Bishop, 1 East, 432. Cotes v. Davis, 1 Camp. 485. Savage v. King, 17 Maine, Rep. 401. 1 Pars. on Notes and Bills, 78.) In Barloiu v. Bishop, the defendant gave his note to a married woman, who was conducting business on her .own account, and who transferred it by indorsement in her own name, in payment of a debt contracted by herself; and it was held that the property in the note vested in her husband by the delivery to the wife, and that no interest passed by her indorsement in her own name to the holder. If, therefore, Edith Kane was the wife of a person other than the drawer of *9 the hills, the property in the notes, by the common law, upon delivery to her, became vested in her husband, which title could not be divested by her indorsement and transfer to the plaintiffs.
The acts of 1848-9, for the protection of the property of married women, declare that she may take by grant or gift from any person other than her husband, and hold to her own sole and separate use, and convey any real or personal property, and any interest or estate therein, in the same manner and with like effect as if she were unmarried. (Laws of 1848, p. 307, ch. 200. Id. 1849, p. 528, ch. 375.) This statute removes the common-law disability from a married woman, and she can now receive real and personal property from any person other than her husband, and may convey and transfer the same with like effect as if she were single. (Dillaye v. Parks, 31 Barb. 132.) The delivery of the bills to Mrs. Kane vested the title in her, if they proceeded from a person other than her husband, and her indorsement and transfer gave to the plaintiffs the legal title as effectually, under the statutes referred to, as if she had been unmarried.
But suppose she was the wife of the drawer of the bills, how would the case then stand P The question of contract or 6f obligation, as between husband and wife, is not involved; nor as between indorser and holder. The husband would not be liable to the wife, nor the wife to the holder. By directing the bills to be paid to the order of 'his wife, the drawer appointed her his agent to receive the money, and conferred upon her the necessary authority to indorse and transfer. The authority is express, and sufficient to bind the husband by her act. (2 Pars. on Bills and Notes, 3. 2 Kents Com. 179, 10th ed.)
In so far as third parties are concerned, the authority to the wife to transfer the bills is as conclusive and binding upon the husband as if he had made them payable to an infant, or to a fictitious person; in either of which cases the indorsements would be valid.
Did the indorsement of Mrs. Kane protect the acceptor, and *10 could the payment by him he questioned P Clearly the husband was estopped, and no other party to the bill could object. To test it, suppose the defendant had paid the bills at maturity to the holders, upon the indorsement of Mrs. Kane, could the husband deny the authority he had given his wife, recall his written consent, and recover the amount of the bills from the acceptor ? There is neither principle nor authority to sustain such' a position.
In short, without pursuing the argument further, the husband is - as thoroughly hound by the indorsement and transfer of the bills as if he had negotiated them himself, directly to the Lee Bank. All the cases which hold a wife’s indorsement to be void, are such as contained no consent or recognition on the part of her husband. Here the consent is complete.
The judgment should he affirmed.'
Judgment accordingly.