STIMPSON VS. PFISTER and another.

In an action by a married woman upon a promissory note, the complaint need not show her coverture and the facts which, under the statute, authorize her to sue alone.

Where, in such an action, the plaintiff's coverture did not appear from the complaint, but was alleged as a defense in the answer, and proved at the trial, it was error for the court to reject evidence offered by her to show that the note was her separate property.

APPEAL from the Circuit Court for *Milwaukee* County.

Action on a promissory note, indorsed by the payee to the plaintiff. The answer alleged, among other things, that the plaintiff was a married woman at the time of such indorsement and still continued to be such, and that her husband was a necessary party to the action. On the trial, the plaintiff read in evidence the note and indorsement, and rested. The defendant proved by the testimony of the plaintiff that she was the wife of one Bailey Stimpson at the time of said indorsement and at the commencement of the action. The plaintiff then offered to show that the note in suit was her separate property at the commencement of the suit, and had been so ever since; but the court ruled out the evidence, and, without submitting the cause to the jury, directed judgment to be. entered that the action be abated without prejudice to plaintiff's right to bring another action upon the note. From this judgment the plaintiff appealed.

*Cary & Pratt,* for appellant.

*Wyman & Johnson,* for respondent, as to the necessity of

pleading in the complaint the facts which took the plaintiff out of the rule requiring her husband to be joined (sec. 15, ch. 122, R. S.), cited *Cobine v. St. John*, 12 How. Pr. R., 336; *Phillips v. Hagadon*, id., 17; *Yale v. Dederer*, 21 Barb., 286; *Dickerman v. Abrahams*, id., 551; *Bass v. Bean*, 16 How. Pr. R., 93; 18 N. Y., 265; 18 Pa. St., 363; *Botkin v. Earle*, 6 Wis., 393. See also the *proviso* to sec. 4, ch. 95, R. S.

*By the Court*, Dixon, C. J.    It seems to us that this case presents no ground for the application of the doctrine that a party relying upon an exception in a statute must, in pleading, state facts bringing his case within the exception. That rule, or more properly, the rule that in pleading upon a statute, the subject of any exception in the enacting or prohibitory clause of the act, must, in the declaration, be excluded by averment, applies, so far as we know, only to actions founded on the stat-ute itself. Here the alleged cause of action is not founded on the statute, but exists quite independently of it; and we can see no more reason for requiring the plaintiff to state facts showing herself within the act authorizing a married woman to sue alone, than for requiring her to state that she is twenty-one years of age, and therefore entitled to appear in person or by attorney. There is no *rule of pleading* making either averment necessary. A married woman, being authorized by statute to take by inheritance, gift, grant or devise, from any person other than her husband, real and personal property, or any interest or estate therein, with like effect as if she were unmarried, and, when the action concerns such property, to sue alone, comes into court like any other suitor, and if her capacity or right to maintain the action is controverted, and her disability does not appear on the face of the complaint, it becomes a matter of defense to be set up in the answer and proved by the defendant as in any other case, subject to the rules of law specially applicable to such actions. *Dillaye v. Parks*, 31 Barb., 132.

JUNE TERM, 1864. 277

We are of opinion, therefore, that the complaint is good, and that the offer of the plaintiff to prove that the note in suit was her separate property should not have been rejected.

Judgment reversed, and a new trial awarded.