STIMSON vs. WHITE.

*Husband and wife—Wife's earnings the property of the husband.*

Where a husband, a hotel-keeper, made an oral agreement with his wife, without any valuable consideration, that she should keep the hotel during his absence from the state, and have all the avails of the business as her separate estate, her earnings in such business were *in law* his property, and she cannot maintain an action on a note purchased by her with such earnings.

APPEAL from the Circuit Court for *Milwaukee* County.

Action on a promissory note. Judgment for the defendant; and the plaintiff appealed. The case is stated in the opinion.

*Alfred L. Cary*, for appellant, cited *Todd v. Lee*, 15 Wis., 365, 381; *Elliott v. Bently*, 17 id., 591; 2 Story's Eq. Jur., § 1387; *Dillaye v. Parks*, 31 Barb., 132.

*Butler & Cottrill*, for respondent, cited sec. 12, ch. 122, R. S.; *Elliott v. Bently*, 17 Wis., 691.

COLE, J. We think the judgment in this case must be af-firmed. It is an action at law to recover the amount due on a promissory note indorsed by the payee to the plaintiff. In the answer, among other matters, it is alleged that at the time of the transfer of the note by the payee to plaintiff, the plaintiff was a married woman, the wife of one Bailey Stimson, and that if the plaintiff purchased the note she did so with the money of her husband, and not with her own separate estate, and that she is not entitled to maintain an action thereon. It

is an admitted fact in the case that the plaintiff did purchase the note with her earnings in keeping a hotel belonging to her husband. It appears that about a year before the transfer of the note, the husband went to England, and that previous to his going away he made an arrangement with his wife that she should carry on the business of keeping the hotel during his absence, and have all the avails of the business in her own right and as her separate estate. It is not claimed that this agreement was in writing, or that there was any valuable consideration to support it. And we are not authorized to assume that it was anything more than a verbal arrangement between the parties, by which the husband consented that his wife should carry on the hotel during his absence and have what she could make out of the business. This being so, we suppose, *at law*, the earnings of the wife belonged to the husband ( *Todd v. Lee*, 15 Wis., 365 ; *Elliott v. Bently*, 17 id., 591); and when she purchased the note with these earnings, the title of such security became vested in the husband. Whether the rule would be different in equity, and the note be given to the wife to the exclusion of the husband and his heirs, is not a point before us. But the objection is, that the wife is not the real party in interest and entitled to maintain an action to recover the amount due on the note, since it belongs to her husband, or to his administrator, the husband being dead. It seems to us the objection is valid, and must prevail. *Barlow v. Bishop*, 1 East, 432 ; *Cotes v. Davis*, 1 Campbell, 485 ; *Freeman v. Orser*, 5 Duer, 476, have some bearing upon this question. The case of *Dillaye v. Parks*, 31 Barb., 132, is inapplicable, because here it appears that the note was acquired by the earnings of the wife, which belonged to the husband, and did not constitute a portion of the separate estate of the wife.

*By the Court.*—The judgment of the circuit court is affirmed.

Mr. Justice DOWNER did not sit in this case.