## CARPENTER VS. TATRO.

ACTION: MARRIED WOMAN: INFANT, SUPPORT OF. (1) *Action must be prosecuted by real party in interest.* (2) *Chose in action, how acquired by married woman from husband.* (3, 4) *When proof of separate estate necessary.* (5) *Liability of father for necessaries furnished minor, not determined.*

1. Every action in the courts of this state must be prosecuted in the name of the real party in interest, with certain exceptions mentioned in the statute. R. S., ch. 122, sec. 12.
2. Under our statute (R. S., ch. 95), a *married woman* may acquire the legal title to a chose in action or other property transferred to her *by her husband*, if purchased with funds from her own *separate estate;* but if she has no separate estate, the assignment and transfer by him to her of a chose in action does not vest in her the legal title.

3. Where a married woman brings suit to enforce a chose in action alleged to have been assigned to her by her husband, proof of such an assignment is inadmissible *without proof that she had a separate estate* out of which the consideration for such assignment was paid.

4. This action is for necessaries furnished by plaintiff's husband to defendant's son, about ten years old; and it is alleged that the boy was driven from home by defendant's cruel treatment, and that the account sued on was assigned to plaintiff by her husband. There being no proof that plaintiff had a separate estate, out of which the account sued on was purchased of the husband, a judgment in her favor is reversed.

5. Whether a father is liable for necessaries furnished to his minor son, driven from home by cruel treatment, and whether, if so, the facts of this case are sufficient to establish such liability, are questions not here determined.

APPEAL from the Circuit Court for *Fond du Lac* County.

The action was brought by *Phebe Carpenter*, against her former husband, *Tatro*, who had obtained a divorce from her, giving him the care and custody of the children, to recover upon a claim assigned to her by her present husband, Carpenter, for necessaries furnished one of plaintiff's children by the former marriage, who, it was alleged, had been compelled to seek a home with Carpenter and the plaintiff, by reason of the neglect and cruel treatment of the defendant. Upon the trial, plaintiff offered in evidence an assignment of the claim for necessaries from Mr. Carpenter to herself, for which she testified that she gave $5, which was admitted against defendant's objection. No evidence was offered as to possession or ownership by plaintiff of any separate estate; and the bill of exceptions is certified to contain "all the proofs and evidence of every nature and kind on the trial of the action." Verdict and judgment for plaintiff; and defendant appealed from the judgment.

*Gabe Bouck*, for appellant, contended that a parent is not liable for necessaries furnished by a third person to his minor child, except upon an express or implied promise to pay. A

promise will not be implied from an omission of duty resting in moral obligation merely. *Kelly v. Davis*, 49 N. H., 187; *Varney v. Young*, 11 Vt., 258; *Hunt v. Thompson*, 3 Scam., 179; Bishop on M. and D., § 632, cases cited in note 2. This is a mixed question in the different states, and is becoming more mixed every day. The authorities are fairly stated in Tyler on Inf. and Cov., p. 107, beginning at § 65. And see *Raymond v. Loyl*, 10 Barb., 483, and cases there cited sustaining the legal liability.

*Knowles & Babcock, contra*, argued that the verdict of the jury had established the fact of cruel treatment of the child; that the question then was, whether a third person could recover for necessaries furnished the child; and that the weight of authority supported the right of recovery in such cases. 1 Parsons on Con. (5th ed.), 303, 305–307; *Stanton v. Wilson*, 3 Day, 37; 13 Johns., 480; 2 Kent's Com., 190. There are some respectable authorities, both in England and in this country, which assert the doctrine that there is no legal obligation on the part of the parent to maintain his child, and that he cannot be charged without a promise, a moral obligation not being sufficient. But no authority can be found holding that a father is not liable for supplies furnished an infant of ten years, in delicate health, and driven away under such circumstances of cruelty as were narrated here.

COLE, J. The parties to this suit were formerly husband and wife. It appears that a divorce was granted on the application of the husband, and the care and custody of the children of the marriage were given him. Subsequently the plaintiff married one Samuel Carpenter, her present husband, with whom she has since lived. It further appears that, in the fall of 1869, one of the children by her marriage with the defendant left his father's home and came to live with her, and has since been maintained and supported by her husband, Carpenter. A claim for necessaries furnished the boy was, before the

commencement of this suit, assigned and transferred to the plaintiff by her husband, and that claim is the foundation of the action. It is insisted on the part of the plaintiff, that the defendant compelled the boy to leave his home and go elsewhere for support, by his neglect and cruel treatment, and that under such circumstances the law imposes upon the father a liability to pay for necessaries furnished by others for the boy's subsistence.

The boy was about ten years of age when he left his father's home, and if he was driven away by cruel treatment, there is certainly very high authority for holding that the defendant was under a legal liability to pay for his support. It is true, there is a conflict even upon this question, as an examination of the authorities cited upon the briefs of counsel shows. But, admitting the legal liability of the defendant, and that the facts disclosed upon the trial bring the case within the decisions which enforce the liability, still it appears to us there is an insuperable difficulty in the way of a recovery in the present action.

It is admitted that the necessaries for the support of the boy were furnished by the plaintiff's present husband, and that the claim therefor has been assigned by him to her. But the claim was one belonging to her husband, and might be enforced by him, if by any one. On the trial, the plaintiff offered in evidence an assignment of the claim to her (which was objected to, on the ground that it was incompetent testimony), and testified that she gave $5 therefor. But it nowhere appears that she had any separate estate with which she purchased this claim. The disability of a married woman to make contracts with her husband has only been removed in certain cases. Where it clearly appears that the wife has a separate estate, contracts made with her husband in regard to such separate estate are upheld as valid at law ; as where the married woman purchases property or a chose in action of her husband with her own funds, or where the husband, in payment of a debt

which he justly owes her, transfers to her property or choses in action, there she acquires the legal title the same as if she were unmarried. *Beard v. Dedolph*, 29 Wis., 137. With respect to her separate estate, the statute seems to place her upon the same ground, as to all the world, her husband included, as an unmarried woman, and gives her power to acquire the legal title to choses in action and property transferred to her by her husband, purchased by her own estate. But if she has no separate estate, she is under the same disability in regard to contracts and dealings with her husband as formerly. *Stimson v. White*, 20 Wis., 562; *Putnam v. Bicknell*, 18 id., 334. If the plaintiff had no separate estate, the assignment and transfer of the debt by the husband to her does not vest the legal title in her. She could not receive it as a gift from him, as she might from any person other than her husband, and enforce its collection by action upon it. And until it appeared that she had a separate estate with which she purchased the claim, the evidence of the assignment should have been excluded. For every action must be prosecuted in the name of the real party in interest, unless the case falls within the exceptions mentioned in the statute. Sec. 12, ch. 122, R. S. And therefore it was incumbent upon the plaintiff to show by some satisfactory testimony that she owned the debt sued on, having purchased it with her separate estate. See *Duress v. Horneffer*, 15 Wis., 196; *Horneffer v. Duress*, 13 id., 604; *Stanton v. Kirsch*, 6 id., 338. The bill of exceptions purports to contain "all the proofs and evidence of every nature and kind" given on the trial, and we are unable to find any evidence which tends to show that the plaintiff was the lawful owner of the claim upon which the action is brought. For these reasons, and without expressing any opinion upon other questions discussed by counsel, we must reverse the judgment of the circuit court, and send the case back for a new trial.

*By the Court.* — It is so ordered.