STEVENS, appellant, v. BOSTWICK.

*Coverture — when it must be pleaded.*

In an action by a married woman for goods sold, etc., *held*, that the defense
that plaintiff was married and had no separate estate or business was not
available when not set up in the answer,

APPEAL from a judgment in favor of defendant entered upon the
report of a referee. The action was brought in Genesee county by
Harriet C. Stevens against Homer Bostwick, administrator of the
estate of Edward Stevens, deceased, for goods sold, money lent and
board furnished intestate. The plaintiff was a married woman,
but in the complaint was no averment of that fact, or that she car-
ried on business in her own name or had separate property, the
action being brought as if plaintiff was a *feme sole.* The answer
was a general denial and payment and a counter-claim.

The referee before whom the action was tried found, as a matter
of fact, that during the time of the contracting of the indebtedness
of intestate plaintiff was a married woman having no separate
estate, and transacting or carrying on no business on her separate
account, and as a conclusion of law that plaintiff was not entitled
to recover.

*A. Stevens,* for appellant.

*Peck & Bowen,* for respondent.

E. DARWIN SMITH, J. The referee clearly erred in dismissing the
complaint in this action. The complaint set out a cause of action
upon its face in favor of the plaintiff and against the defendant.
The answer denied the complaint and set up a counter-claim.

If the defendant intended to make the defense that the plaintiff
was a married woman and had no separate estate, or carried on
no separate trade or business, he should have set up such a defense
by answer. *Freeking* v. *Rolland,* 53 N. Y. 422.

Coverture must be pleaded to be available if intended to be set up
as a defense. 1 Chitty on Plead. 449; *Dillaye* v. *Parks,* 31 Barb. 132.
In *Hallock* v. *DeMunn,* 2 N. Y. Sup. 350, where it was held that

to maintain an action against a married woman it must be shown that the debt was contracted for the purpose of carrying on a separate trade or business and for the benefit of her separate estate, and the answer in proper form set up the defense in a denial of these facts, no question as to the form of the pleadings was presented for consideration.

The judgment should be reversed and a new trial granted, with costs to abide the event.

*Judgment reversed and new trial granted.*