# Washburn *v.* Gardner's Adm'r.

### *Statutory Action in nature of Ejectment.*

1. *Conveyance by husband to wife.*—Under the former decisions of this court, a conveyance of lands by the husband to his wife directly, without the intervention of a third person as trustee, conveys to her only an equitable estate; the legal title remaining in the husband, and on his death descending to his heirs. But, as to the power of the wife to charge such

lands as an equitable estate, the court adds: "We do not hold ourselves concluded from re-examining the principle asserted in the seventh headnote of *Goodlett v. Hansell* (66 Ala. 151), should the question again come before us."

APPEAL from the Circuit Court of Chilton.

Tried before the Hon. JAS. E. COBB.

This action was brought by S. W. John, as the administrator of the estate of Mrs. Harriet Gardner, deceased, against B. V. Washburn, to recover the possession of a tract of land particularly described in the complaint, with damages for its detention; and was commenced on the 30th July, 1883. The cause was tried on issue joined on the plea of not guilty. Mrs. Gardner, plaintiff's intestate, died on the 16th August, 1880, and was the surviving widow of James C. Gardner, who died on the 30th June, 1880. The land was conveyed by said James C. Gardner to his said wife, by deed dated August 30th, 1877, which recited as its consideration his indebtedness to her, to the amount of $1,530, for moneys belonging to her separate estate which he had received and used. The defendant objected to the admission of this deed as evidence, when offered by the plaintiff, and he excepted to its admission. "The plaintiff proved, also, that his intestate lived on said lands, from the time said deed was delivered to her, until her death; and that he, as her administrator, then took possession of said lands, and held the possession thereof until about February 1st, 1881, when defendant took possession by force and arms, and held the same to the day of trial." The defendant introduced evidence "tending to show that said James C. Gardner, by his last will and testament, which was duly admitted to probate in said county, devised other lands to plaintiff's said intestate, and bequeathed to her certain personal property; that she took possession of the property, real and personal, so devised and bequeathed to her, and she and her administrator, or those holding through her or him, have retained the possession of such property ever since; that said Gardner also devised to other persons, his children by a former marriage, the lands now sued for; and that he, said defendant, was when this suit was begun, and is now, holding said lands under said devisees." On this evidence, the court charged the jury, at the request of the plaintiff, that they must find for the plaintiff, if they believed the evidence. The defendant excepted to this charge, and he now assigns it as error, together with the admission of the deed as evidence, and certain rulings on the pleadings.

TROY & TOMPKINS, for appellant, cited *McMillan v. Pea-*

cock, 57 Ala. 127; *Helmetag v. Frank*, 61 Ala. 67; and *Goodlett v. Hansell*, 66 Ala. 151.

S. W. JOHN, and W. A. COLLIER, *contra*.

STONE, C. J.—In *Powe v. McLeod & Co.*, at the present term (*ante*, p. 418), a principle was declared, which is fatal to the right of recovery in this action. We ruled, that a deed to lands, made directly from husband to wife, 'did not clothe her with a legal title, either during the husband's life, or after his death. In this we only followed one of the principles declared in *McMillan v. Peacock*, 57 Ala. 127; *Helmetag v. Frank*, 61 Ala. 67, and *Goodlett v. Hansell*, 66 Ala. 151.

A second principle declared in the last three cases above is, that property thus conveyed becomes the equitable separate estate of the wife, which she can fasten a charge upon by any promise, or contract of hers to pay money; in other words, that it has all the incidents of property secured to her sole, separate, or exclusive use. If this were an open question in this court, we think much might be said against its correctness. We do not gainsay the fact, that property conveyed by a husband directly to his wife fails to vest the legal title in her. It does not devest the' legal title out of the husband. The problem is, what is the *status* of property thus conveyed and held? The conveyance is inoperative at law; and does it not follow, that in any relief which a law court can administer, the property is that of the husband, unaffected by his abortive attempt to devest the title out of himself? And has the wife any interest in, or right to the property, other than the equitable right to invoke the powers of the Chancery Court to perfect that which the husband, by force of the relation he sustained to his wife, was incompetent to do? And is this mere equitable right of the wife the equivalent of an estate secured to her sole and separate use? Possibly, this has become a rule of property, which it would be unwise to disturb. In that event, the proper remedy would be with the legislature; not with us. We do not, however, hold ourselves concluded from re-examining the principle asserted in the seventh head-note of *Goodlett v. Hansell*, *supra*, should the question come again before us.

Without intending to decide the question second above mooted, we are satisfied that neither Mrs. Gardner, nor her personal representative, was clothed with the legal title to the land sued for.

Reversed and remanded.

CLOPTON, J., not sitting.