CHADBOURNE *& a.* *v.* GILMAN *& a.*

A mortgage of land made by a husband directly to his wife to secure a valid debt due from him to her will be sustained in equity.

BILL IN EQUITY, to set aside a mortgage of certain land made by Israel H. Gilman to his wife, Mary E. Gilman, in June, 1885, to secure a promissory note from him to her for $2,225. Facts found by the court. The plaintiffs are creditors of I. H. Gilman, and in July, 1885, caused the mortgaged premises to be attached on a writ against him, and now seek to hold the same discharged of the mortgage for the satisfaction of their debt. Israel H. was insolvent at the time, and had no other attachable property, and the value of this beyond the mortgage was not sufficient to satisfy the plaintiffs' demand. The consideration of the note was a loan of $500 by Mary E. to Israel H. in 1866, to use in his business of a tailor, and an agreement to pay her three dollars per week for such time as she could work for him in the business, besides performing her household duties. Under this agreement she worked for him to the amount of one half the time for fifteen years. The $500 loaned and interest, and the services at three dollars per week for the time, give the amount of the note. There was no actual fraud on the part of the defendants in making the mortgage. They both believed his indebtedness to her was binding upon him, and that he might pay or secure her by a preference over other creditors. There was no intent to hinder or delay his creditors in the collection of their demands beyond the natural consequence of making the mortgage under such circumstances.

*J. H. Hobbs*, for the plaintiffs.

*Frank Weeks*, for the defendants.

BLODGETT, J. At common law a wife cannot be the immediate grantee of her husband, but she may take an estate from him through the intervention of a trustee. In equity, however, it is otherwise, and a direct conveyance from husband to wife will be

upheld whenever there is an adequate consideration. *Shepard* v. *Shepard*, 7 Johns. Ch. 57 ; *Arundell* v. *Phipps*, 10 Ves. 146, 149 ; *Hunt* v. *Johnson*, 44 N. Y. 27 ; *Dale* v. *Lincoln*, 62 Ill. 22 ; *Sims* v. *Rickets*, 35 Ind. 181 ; *Smith* v. *Dean*, 15 Neb. 432 ; *Jordan* v. *White*, 38 Mich. 253 ; *Putnam* v. *Bicknell*, 18 Wis. 351 ; *Beard* v. *Dedolph*, 29 Wis. 136 ; *Fenelon* v. *Hogoboom*, 31 Wis. 172 ; *Carpenter* v. *Tatro*, 36 Wis. 297 ; *McCampbell* v. *McCampbell*, 2 Lea 661 ; *Sayers* v. *Wall*, 26 Grat. 354 ; *Powe* v. *McLeod*, 76 Ala. 418 ; *Washburn* v. *Gardner*, 76 Ala. 597 ; *Craig* v. *Chandler*, 6 Col. 543 ; 2 Sto. Eq. Jur. (12th ed.) *ss.* 1368, 1372–1375, and notes ;— and see, also, *Wallingsford* v. *Allen*, 10 Pet. 583, and *Jones* v. *Clifton*, 101 U. S. 225. This rule or principle of equity jurisprudence has not been abrogated in this state by statute (G. L., c. 183, s. 13) ; and as it is found as a fact that the mortgage deed sought to be annulled was given and taken in good faith, and as it must be deemed to have been upon an adequate consideration (*Cooper* v. *Alger*, 51 N. H. 172, *Kaufman* v. *Whitney*, 50 Miss. 103, *Rowland* v. *Plummer*, 50 Ala. 182), the plaintiffs make no case for equitable relief. Exceptions sustained.

*Bill dismissed.*

ALLEN, J., did not sit : the others concurred.