HAZELTON and another, Appellants, vs. NEW YORK LIFE INSURANCE COMPANY, Respondent.

SAME, Respondents, vs. SAME, Appellant.

*December 10, 1909—February 22, 1910.*

*Life insurance: Dividend certificate: Uncertainty: Liability of company for interest, etc.: Transfer of chose in action by husband to wife: Pleading statute of limitations.*

1. A dividend certificate, issued by a mutual life insurance company to the beneficiary named in a policy, stating that she is entitled to $12 "in the accumulations" of the company, "subject to the rights of the company under its charter, and redeemable at the discretion of the board of trustees," lacks certainty. *It would seem* from its language that the interest of the beneficiary was intended to be an undivided interest in the accumulation fund

in the ratio which $12 bore to the interest of the other policy-holders in such fund; but upon the evidence in this action (brought upon such certificate many years after its issuance) it cannot be determined whether the company was chargeable, as trustee or otherwise, with interest or profits or, if so, the amount thereof.

2. The word "accumulations" in such certificate implies a rolling up, or the adding of interest or income to the principal, indicating that the certificate is not a mere scrip dividend, to be rebated on premium when called for and not to draw interest.

3. The issuance of a dividend certificate to a wife in 1867, by an insurance company in which the husband had insured his life for her benefit, did not transfer to her the title to the money represented by such certificate, since at that time a married woman could not acquire title to a chose in action from her husband by transfer from him.

4. The defense of the statute of limitations falls when the proper statute is not pleaded.

APPEALS from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Reversed on plaintiffs' appeal.*

This action was brought to recover a sum of money alleged to be in the treasury of the defendant. The claim is based upon the following facts found by the court:

The plaintiff *G. W. Hazelton* took out a policy of insurance No. 16,680 in the defendant company on the 26th day of March, 1862, in the sum of $1,000 for the benefit of his wife, Martha L. Hazelton. The annual premium named in the policy was $26.70, which has been regularly paid, less the annual dividends due the assured as fixed and allowed by the said company, and said policy is still in force. In the year 1867 said defendant issued and delivered to Martha L. Hazelton the following certificate:

"No. 16,680.    STATE OF NEW YORK.
Dividend of *The New York Life Insurance Company.*    $12
1867.            Nos. 112–114 Broadway.

"This is to certify that Martha L. Hazelton is entitled to Twelve dollars in the accumulations of the *New York Life Insurance Company,* subject to the rights of the company under

its charter, and redeemable at the discretion of the board of trustees, transferable only on the books of the company by her or her attorney, on surrender of this certificate.

"Witness the corporation seal of the company, New York, April 15, 1867.

[L. S.]                           MORRIS FRANKLIN, Prest.
[Rev. Stamp canceled.]            WM. W. BEERS, Acty.
"Led. 6 Fol. 360."

Said Martha L. Hazelton died intestate, leaving no property or estate except said certificate. No executor or administrator has been appointed in the matter of the estate of said Martha L. Hazelton. The board of trustees of said company never, prior to the death of said Martha L. Hazelton, exercised its discretion to redeem said certificate, nor requested its surrender, nor took any action in relation thereto in any manner, nor did said company. After the death of the beneficiary named in said policy and said certificate, said company in answer to an inquiry notified said *G. W. Hazelton* that its books failed to disclose any such certificate outstanding, and on being furnished a copy thereof expressed its willingness to repay said sum of $12, but refused to account for or pay any interest thereon then or at any time thereafter. Said company is a purely mutual organization, managed by the trustees selected by the policy-holders, without capital stock, and without stockholders to share in the profits of its business. The revenues of the company are derived from premiums, interest on loans, and rentals of office buildings. It is customary to keep the funds of said company at interest, except such surplus as in the judgment of the trustees is required to meet the current demands and maintain the solvency of said company. No evidence was offered to the effect that when said certificate was issued there was any money in the treasury of said company belonging to *G. W. Hazelton* or to Martha L. Hazelton, and no evidence of any moneys belonging to *G. W. Hazelton* or Martha L. Hazelton ever having been invested by said company or earned any interest on account of

VOL. 141 — 41

such investment.    The assets of said company, as shown by its annual report for 1907, were $490,408,807.

The court concluded that the statute of limitations had not run at the date of the commencement of this action and could not be set in motion until the trustees had notified Martha L. Hazelton of its readiness to redeem said certificate; that the evidence fails to sustain the claim of the plaintiffs that a trust relation was created by the execution and delivery of said certificate which placed the company under legal obligation to account for interest on the sum of $12 mentioned in said certificate; that the claim of the plaintiffs that the retention of said dividend was intended and understood by the parties as a method for augmenting the insurance provided for in said policy when the same should become payable is not supported by the evidence; that no trust relation was created by the execution and delivery of said certificate; and that the plaintiffs are entitled to judgment against the defendant for $12 and interest thereon from the commencement of this action, with costs.

Judgment was entered accordingly, from which these appeals were taken.

For the plaintiffs the cause was submitted on the briefs of *G. W. Hazelton.*

For the defendant there was a brief by *O'Connor, Schmitz & Wild,* and oral argument by *J. L. O'Connor.*

KERWIN, J.    It is to be regretted, on account of the small amount involved, that the case cannot be finally disposed of upon this appeal without further litigation and expense.    But in view of the condition of the record we feel this cannot be done.    We cannot find from the record that the questions involved have been tried and so presented as to enable this court to order the proper judgment without further evidence respecting the interest of the plaintiffs in the funds as evidenced by the certificate in question.    Nor do we think the findings

and evidence warrant the judgment, although upon the evidence produced the interest of the plaintiffs, if any, is left uncertain.    The certificate upon its face lacks certainty in the particular that it is not plain from it whether the beneficiary had a proportionate interest with other policy-holders in the fund to the extent of $12, or whether the $12 was segregated from the accumulation fund and held for the benefit of the beneficiary and kept accumulating.    No explanation as to the proper construction of the certificate is made in the evidence, but the claim is that the plaintiffs are entitled to the $12 and interest upon it, either upon the theory of a trust or a repudiation of a trust.    From the language of the certificate to the effect that the beneficiary is entitled to $12 in the accumulations of the defendant, subject to the rights of the company under its charter and redeemable at the discretion of the trustees, it would seem that the interest was intended to be an undivided interest in the accumulation fund in the ratio which $12 bore to the interest of other policy-holders in such fund. But what the rights of the company are do not appear from the record.    Since the interest of the beneficiary is redeemable under the certificate only at the discretion of the board of trustees, no amount probably would be payable until such discretion was exercised.    The defendant, however, having offered to pay $12, admitted interest in the accumulation, and it would seem to follow that the amount of a twelve-dollar interest would be recoverable, whatever that interest might prove to be by computation of profits accruing to the fund in the proportion of the beneficiary's interest therein.    *Wharton v. Masterman*, [1895] A. C. 186, 197.    The court found upon sufficient evidence that it is customary to keep the funds of the company at interest, except such surplus as in the judgment of the trustees is required to meet the current demands and maintain solvency, and that the assets of the company on December 31, 1907, were $490,408,807, and that the defendant is a purely mutual company without capital stock or

stockholders to share in the profits.    So it would seem from
the findings, in the absence of evidence to the contrary, that
the accumulation fund must have increased during the time
the beneficiary held the certificate.    We therefore think the
amount of plaintiffs' interest was not calculated upon a cor-
rect basis, as indeed it was difficult, if not impossible, to do
upon the evidence presented, and therefore, in order that the
amount due the plaintiffs be properly determined, a new trial
must be had to the end that it may be ascertained whether the
plaintiffs' interest accumulated, and, if so, the amount thereof.

It is contended by the defendant that the certificate is a
scrip dividend merely, simply to be rebated on premium when
called for, and not to draw interest.    But, if so, why put in
the form of an interest in the accumulations and make its pay-
ment conditional as specified in the certificate?    It is diffi-
cult to find on the face of the certificate evidence of an inten-
tion to make it a scrip dividend.    The word "accumulation"
in the certificate gives character to it and implies a "rolling
up" or the adding of the interest or income to the principal.
22 Am. & Eng. Ency. of Law (2d ed.) 727, and cases cited.

The plaintiffs further claim that the $12 was left with the
company to procure additional insurance, and that the com-
pany, having repudiated this agreement, thereby became liable
for interest on the fund.    But the evidence as to this agree-
ment seems to have been ruled out as incompetent on the
ground that it was conversations had by plaintiff *G. W. Hazel-
ton* with a deceased agent of the defendant.    The principal
difficulty with the case lies in the uncertainty of the character
of the plaintiffs' interest in the certificate and whether the
money or interest of the plaintiffs was so used as to charge the
defendant with interest or profits, and the amount thereof.
Evidence upon another trial should be directed to these points.

On the defendant's appeal it is contended that the action
cannot be maintained by the plaintiffs, but should have been
brought by the representatives of Martha Hazelton, deceased,

to whom the certificate was issued. This contention is unsound. The money belonging to the plaintiff *G. W. Hazelton*, the issuance of the certificate in the name of his wife did not transfer the title to the money to her, since at that time a married woman could not acquire title to a chose in action from her husband by transfer from him. *Carpenter v. Tatro*, 36 Wis. 297. The action was properly brought by the plaintiffs.

It is also insisted that the statute of limitation is a bar to the plaintiffs' claim. But the difficulty with this contention is that even if any statute of limitation would bar the claim, if pleaded, it must be the twenty-year statute, because the action is upon a sealed instrument, and that statute was not pleaded, so the defense of the statute of limitation must fall.

We therefore conclude that the defendant take nothing by its appeal, and that upon the plaintiffs' appeal the judgment must be reversed, with costs, and the cause remanded for a new trial.

*By the Court.*—It is so ordered.

TIMLIN, J., dissents.