HAZELTON and another, Appellants, vs. NEW YORK LIFE INSURANCE COMPANY, Respondent.

*December 6, 1911—January 9, 1912.*

*Trusts and trustees: Accounting: Fund for accumulation: Gains: Compound interest.*

Where a trustee, or a person charged with the duty of investing a fund for the purpose of accumulations, fails to show, when properly called upon to account, what the actual gains have been, the usual gains with annual rests will be charged him.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Modified and affirmed.*

The action was before this court on former appeals and is reported in 141 Wis. 639, 124 N. W. 1014, where a statement of the facts will be found. Upon the second trial the circuit court found, among other things, that plaintiff had failed to offer any evidence tending to show that when the certificate in question was issued there was any money in the treasury of the defendant company belonging to *Gerry W. Hazelton* or *Martha L. Hazelton*, or that any money belonging to either of them was ever invested by said company, or earned any interest or accumulations on account of such investment; also that the evidence fails to sustain the claim of the plaintiffs that a trust relation was created by the execution and delivery of said certificate which placed the company under any legal obligation to account for interest on said amount of $12 mentioned in said certificate; but that plaintiffs are entitled to judgment for $12, with interest from the commencement of the action. From the judgment entered accordingly the plaintiffs appeal.

*G. W. Hazelton,* for the appellants.

For the respondent there was a brief by *O'Connor, Schmitz & Wild,* and oral argument by *J. L. O'Connor.*

Vinje, J.   Upon the first trial of this case a judgment for $12 in favor of plaintiffs was entered.   Both parties appealed. This court held (141 Wis. 639, 124 N. W. 1014) that the defendant take nothing by its appeal, and that upon the plaintiffs' appeal the judgment should be reversed and the cause remanded for a new trial.   The opinion and judgment of the court established (1) that the defendant owed plaintiffs the sum of $12 since 1867; (2) that such sum of $12 was entitled to share in the accumulations, if any, of the defendant company; and (3) that upon the evidence then before it the court could not determine the amount of such accumulations, if any, and hence sent the case back for a new trial to determine this amount.   The court said:

"The principal difficulty with the case lies in the uncertainty of the character of the plaintiffs' interest in the certificate and whether the money or interest of the plaintiffs was so used as to charge the defendant with interest or profits, and the amount thereof.   Evidence upon another trial should be directed to these points."

It is apparent that the court, by holding that the defendant take nothing by its appeal, had no doubt as to plaintiffs' interest in the certificate to the extent of $12 at least, and that the only doubt it had was as to the amount of accumulations, if any, to which the plaintiffs were entitled in addition to the $12.

Unfortunately the evidence does not now disclose what the $12 have actually earned in the hands of the defendant since 1867.   The plaintiffs failed to secure such evidence and the defendant did not see fit to disclose the fact.   But there is fairly satisfactory evidence as to what the $12 should have earned in the hands of the defendant, and the rule is well settled that where a trustee, or a person charged with the duty of investing a fund for the purpose of accumulations, as was the defendant in this case, fails to show, when properly called upon to account, what the actual gains have been, the usual

gains with annual rests will be charged him. *Cook v. Lowry,*
95 N. Y. 103; *Eliott v. Sparrell,* 114 Mass. 404; 1 Lewin,
Trusts, 342; 1 Perry, Trusts, § 471. The court expressly
remanded the case for the purpose of giving the defendant an
opportunity to show what its earnings on sums so invested had
been, in order that it might not be required to pay more than
it had actually earned. There was no question of any other
breach of trust than the mere refusal to account for accumu-
lations, and hence no call for requiring the defendant to ac-
count for more in the way of profits than the money of plaint-
iffs had in fact earned in its hands. But it saw fit to refuse
or neglect to disclose what its earnings had been. The rule
applicable to such a situation is thus stated in 1 Perry on
Trusts:

"The burden is on the trustee to show that he made no
profits, or received no benefit from the money; and if he re-
fuses to account or to show the amounts of profits received, the
court will give compound interest, in order that it may be cer-
tain that the *cestui que trust* gets the profits of the trade or
business in which the trustee has employed the money."
Sec. 471 and cases cited.

The plaintiffs' evidence shows that from 1867 to the time
of the trial the average value of the use of money was a little
more than six and one-half per cent., namely, an average of
eight per cent. for the period from 1867 to 1890, and an aver-
age of four and one-half per cent. for the period from 1890
to the time of the trial. Computed upon this basis, with an-
nual rests, the value of the $12 with accumulations amounted
at the time of the trial to $172.50, and for this amount the
circuit court should have entered judgment.

*By the Court.*—Judgment modified by inserting therein,
as of June 16, 1911, the sum of $172.50 in lieu of the sum
of $12, and, as so modified, affirmed, with costs in favor of
appellants.