BELL and another, Respondents, vs. CHICAGO & NORTHWEST-
ERN RAILWAY COMPANY, Appellant.

*October 25—November 14, 1916.*

*Carriers: Bill of lading: Deposit by consignee with carrier's agent:
Subsequent sale by consignee: Right of stoppage* in transitu:
*Wrongful delivery by carrier: Conversion: Pleading: Judgment.*

1. As between the consignee of grain and the carrier, a deposit of
   the bill of lading by the consignee, pursuant to custom, with
   the agent of the carrier on the board of trade at the point of
   destination was a mere matter of business convenience and did
   not pass the title to the carrier.
2. A consignee of goods who, after their arrival and after he has
   paid for and obtained the bill of lading, sells them to another
   has, as vendor and as against the carrier, the right of stoppage
   *in transitu* until the goods arrive in the possession, actual or
   constructive, of the purchaser.
3. After depositing the bill of lading with defendant's board of trade
   agent, plaintiffs sold to one G. a carload of oats which had been
   shipped to them over defendant's railway, and gave G. a writ-
   ten order for the car. Such order was by mistake addressed to
   another railway company, and G. presented it to that company,
   which issued to him a new bill of lading. On the following day
   plaintiffs, having learned that the check given to them by G.
   was worthless, notified defendant to hold and not to deliver the
   car. Defendant afterwards, at the request of the other railway
   company, delivered the car to it, and subsequently delivered the
   original bill of lading to plaintiffs. *Held* that, the original bill
   of lading not having come to the possession of G., he had no such
   actual or constructive possession of the car as precluded plaint-
   iffs from exercising, as they did, their right of stoppage *in tran-
   situ* while the car was still held by defendant.
4. Although the action against the defendant railway company was
   in form for a breach of the contract of carriage, judgment as
   for a conversion of the goods was properly rendered in accord-
   ance with the facts disclosed on the trial.

APPEAL from a judgment of the circuit court for Milwau-
kee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

The appeal is from a judgment of the circuit court affirm-
ing a judgment of the civil court in favor of the respondents.

The plaintiffs had shipped to them from a point in Iowa a carload of oats, the final carrier of which was the defendant railway company. On April 8, 1915, a bill of lading was duly received by the plaintiffs and deposited with the agent of the defendant, who, for the convenience of members of the chamber of commerce, had an office in said chamber of commerce. On April 9th one Charles F. Glavin arranged to purchase this car from the plaintiffs and he gave them his check for the same and other cars, and received a written order for the car in question together with the others. The order was by mistake directed to the Chicago, Milwaukee & St. Paul Railway Company instead of to the defendant and was presented to the Chicago, Milwaukee & St. Paul Railway Company on April 9th, and thereupon and while the car was still in the custody of the defendant a new bill of lading was issued for the same to said Glavin by the Chicago, Milwaukee & St. Paul Railway Company. On April 10th, in the forenoon, the plaintiffs ascertained that default had been made in the payment of the check and thereupon immediately notified the defendant by telephone that the car should be held and not delivered.

On the afternoon of the same day the agent of the Chicago, Milwaukee & St. Paul Railway Company telephoned to the agent of the defendant that the St. Paul Railway Company had the order above specified for this particular car and desired to have it delivered from the defendant's tracks to those of the Chicago, Milwaukee & St. Paul Railway Company. The car was so delivered on Monday the 12th. The first bill of lading was subsequently delivered to plaintiffs.

The complaint was in form one for breach of the contract of carriage from Iowa to Milwaukee, alleging that the defendant did not deliver the oats to the plaintiffs and negligently allowed the same to be wholly lost, and prayed for damages for $824.19, the value of the oats. The claim of the defense was that the car had been sold on April 9th and delivered to

the said Charles F. Glavin, and that Glavin gave a written order for the car to the Chicago, Milwaukee & St. Paul Railway Company and that that railway company issued a new bill of lading therefor to the said Glavin; that on April 10th the last named railway company requested the defendant to deliver the said car to them and that the same was so delivered on April 12th; that the plaintiffs were estopped by such facts from claiming said car from defendant. The answer also denies any failure to safely carry and deliver, or that it lost the oats, or that the plaintiffs were the owners when they requested delivery be made to them.

Findings were made in the civil court, among others the following:

"(3) That the plaintiffs, pursuant to custom, deposited said bill of lading with the board of trade agent of the *Chicago & Northwestern Railway Company;* that while so deposited, said bill of lading was at all times subject to the order of the plaintiffs, and that said bill of lading was never surrendered to said defendant railway company."

Upon this and the other findings judgment in form as for a conversion was entered for the plaintiffs for the value of the carload of oats. On appeal to the circuit court the judgment was affirmed, and from that judgment of affirmance an appeal was taken to this court.

For the appellant there was a brief by *E. M. Smart* and *R. M. Trump,* and oral argument by *Mr. Trump.*

*William Kaumheimer,* for the respondents.

ESCHWEILER, J. The contention of defendant and appellant on this appeal is that because of the delivery of the bill of lading by the plaintiffs to the agent of the defendant at the board of trade in Milwaukee, and the giving of the misdirected order for the same to the intended customer, Charles F. Glavin, the plaintiffs no longer had control of the said car on April 8th, and that their subsequent order on the 10th to

hold the same while the car was still in the possession of the defendant could be disregarded, and that it was therefore justified in turning over the car to the Chicago, Milwaukee & St. Paul Railway Company on April 12th.

As between the plaintiffs and the defendant the delivery of the bill of lading to the custody of defendant's agent on the board of trade was not, under the undisputed facts, with the intention of passing title to the car to the defendant, and the court therefore properly found that such delivery was a mere matter of convenience. The bill of lading did not come into the actual possession of Charles F. Glavin so that it might have been claimed that validity would be given to any transfer made by him under sec. 4425, Stats., which provides that such bill of lading may be transferred by delivery without indorsement or assignment and that the person so taking the same shall be deemed the owner of the property therein specified, as in the case of *Fenelon v. Hogoboom,* 31 Wis. 172.

Upon the arrival of the car and plaintiffs paying for and obtaining the bill of lading they become the owners thereof and as vendors thereafter entitled to the right of stoppage *in transitu.* As against the defendant common carrier, the right of stoppage *in transitu* remained in plaintiffs until the goods arrived in the possession, actual or constructive, of the purchaser. *Jeffris v. Fitchburg R. Co.* 93 Wis. 250, 67 N. W. 424; *Brewer L. Co. v. B. & A. R. Co.* 179 Mass. 228, 231, 60 N. E. 548; *State v. Intoxicating Liquors,* 104 Me. 463, 72 Atl. 331, 23 L. R. A. n. s. 1020; *Durgy C. & U. Co. v. O'Brien,* 123 Mass. 12; *Inslee v. Lane,* 57 N. H. 454.

Under the facts shown and as here stated, there was no such actual or constructive possession of the car in Charles F. Glavin as terminated plaintiffs' right to prevent its further passing from the actual possession of the common carrier then holding it under the original bill of lading.

The appellant contends that inasmuch as the complaint was based upon the theory that there was a breach of the con-

tract duty of defendant to safely carry the goods from Iowa to Milwaukee and the facts disclose that the car did arrive there safely, they could not be required to litigate in this action the question whether, after the arrival of the car there, there had been a tort committed by the conversion of the oats by the defendant, and that to do so would necessarily require a determination of the possible rights of persons not before the court, namely, the Chicago, Milwaukee & St. Paul Railway Company, Charles F. Glavin, and any person to whom he may have sold the car of oats or the new bill of lading issued by the latter company.

No question can be raised, however, but that the court had the power and that it was its duty, no matter what the form of complaint, to give judgment in accordance with the facts disclosed on the trial.

No suggestions were made on the trial that any other person should be brought in as a party to the action, nor does the record disclose that there were any offers of proof or requests made by the defendant to have any other question determined than that which was determined. The defendant relied then, as it does now, upon its contention that Glavin, not the plaintiffs, had control of the car after defendant received the bill of lading and the giving of the misdirected order for the car. We cannot, however, adopt that view of it, and therefore upon the record as it stood the civil court was warranted in entering the judgment that it did, and the judgment should be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.