## CANNON vs. TURNER.

[ACTION AT LAW AGAINST SEPARATE ESTATE OF FEME COVERT.]

1. *Provisions of Code not applicable to separate estates created by deed.*—The provisions of the Code, (§§ 1981–97,) respecting the separate estates of married women, do not apply to separate estates created by deed, either before or since the adoption of the Code.

2. *When action lies not against wife.*—Under the provisions of the Code, (§§ 1987, 2131,) an action at law does not lie against a married woman, either before or after the death of her husband, to subject her separate estate created by deed to the payment of necessary articles of family supply.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THE complaint in this case, as amended, was as follows:

"Jarvis Turner            The plaintiff claims of the defend-
       *vs.*               ant the sum of $377 50, for work
Ellinor M. Cannon.        and labor done and materials sup-
plied in furnishing and adding to the comfort and conven-
ience of the dwelling-house of the defendant, at her
instance and request, with interest from the 1st Novem-
ber, 1854.

"And plaintiff avers, also, that defendant was a mar-
ried woman, and owned and possessed a separate estate
independent of her said husband, to-wit, a certain lot and
building thereon situate on Spring Hill in the county
aforesaid, the dwelling-house of said defendant and her
husband and family, together with a separate personal
estate; all of which land and personalty was held as her
separate property under and by virtue of the statute laws
of Alabama as declared by the Code, and acquired since
the adoption of the Code. And plaintiff avers, that all
the said work and labor was done upon, and for the per-
manent improvement of said house; and that plaintiff
performed work and labor, and [furnished] materials for
said defendant on said property, for the use and benefit of
said defendant, to the amount and value of $375, at her

and her husband's instance; and that all the said articles,
labor, materials, &c., were articles of comfort and support
of the household of the said defendant and her husband,
then kept by them in the house aforesaid, and were suita-
ble to the degree and condition in life of the said family;
and that the said husband departed. this life before the
bringing of this suit."

The defendant demurred to the entire complaint, as
amended, on account of a misjoinder of causes of action,
and to the second count on the following grounds: "1st,
because the cause of action set up is not such as comes
within the provisions of section 1987 of the Code; 2d,
because the law requires such a suit to be brought against
husband and wife jointly, and the wife is not liable to be
sued alone upon such a cause of action; and, 3d, because
it is not sufficiently alleged, that the defendant's alleged
separate estate was held in such way as to entitle the
plaintiff to maintain this action against her, as having a
separate estate under the Code." The court overruled
the demurrer, and the defendant then pleaded the general
issue, "in short by consent, with leave to give any special
matter in evidence."

On the trial, as appears from the bill of exceptions, the
plaintiff proved the performance of the work alleged in
the complaint, and the value of the services, materials,
&c.; and, for the purpose of showing that the defendant
had a separate estate, read in evidence a quit-claim deed
from Wm. A. Dawson and wife, dated the 30th May,
1853, by which certain lands were conveyed to her, "to
have and to hold the said premises unto the said Ellinor
Martha Cannon, as separate property, and to her heirs
and assigns, to her own proper use, benefit and behoof,
forever." Plaintiff proved, also, "that the property
named in said deed had been paid for by defendant's hus-
band, and conveyed to her at his request." No other
evidence was offered, tending to show that the defendant
had a separate estate at the time of the accrual of plaint-
iff's cause of action. The court charged the jury, among
other things, that the deed from Dawson and wife "cre-
ated a separate estate in the defendant, within the mean-

ing of that part of the Code' of Alabama contained in
the third article of the first chapter of title 5, part 2."
This charge, to which the defendant excepted, is now
assigned as error, together with several other matters im-
material to the points decided by this court.

P. HAMILTON, for appellant.

JNO. T. TAYLOR, contra.

WALKER, J.—After the most careful consideration,
we decided in Pickens and Wife v. Oliver, 29 Ala. 528,
that the provisions of article 3, chapter 1, title 5, part 2,
of the Code, "relate to and provide for estates of married
women which are made separate by operation of law;
estates created by descent, gift, or in some other manner,
*without words which would have created a separate estate before
our statutes on the subject; and not to estates which, independent
of legislation, would have been separate by operation of the in-
strument or contract creating them.*"—Gerald and Wife v.
McKenzie, 27 Ala. 166; Friend v. Oliver, 27 Ala. 532;
Willis v. Cadenhead, 28 Ala. 473; Gibson v. Marquis,
29 Ala. 668.

Section 1997, the last of the article above named,
makes the provisions of the article operative on the
estates of all married women, who have received property
by descent, gift, or otherwise, since the first of March,
1848.   If the distinction between separate estates created
by law, and such estates created by contract, had not
been made, the Code would have been unconstitutional
in its operation upon separate estates created in the
latter mode, after the first of March, 1848, and before the
adoption of the Code.   Influenced by that consideration,
we drew the distinction in Willis v. Cadenhead, as to all
separate estates created before the Code.   That distinc-
tion we must extend to estates created afterwards, or else
we must make an arbitrary and senseless discrimination
in the effect of the same words, when applied to instru-
ments of different dates, equally within the letter of the
statute.

[2.] Under the principle of the decision in Gibson v.

Marquis and Wife, 29 Ala. 668, the coverture of the appellant at the time when the contract sued upon was made, was a complete defense to a suit, either before or after her coverture, unless the facts were shown which are requisite to the maintenance of an action under section 1987. One of those requisites is the existence of a separate estate, which must be made separate by law, not an estate "which, independent of legislation, would have been separate by operation of the instrument or contract creating it." The deed from Dawson, introduced for the purpose of showing that the defendant had a separate estate, by its terms creates what would, at common law, and independent of legislation, be recognized as a separate estate in a married woman. It follows, that there was a failure to show the kind of separate estate, which is an indispensable requisite to the maintenance of the action. We perceive that this point must be decisive of the case against the appellant, and therefore waive the consideration of the other questions which were argued by the counsel.

The judgment of the court below is reversed, and the cause remanded.