| 57 | 127 |
| 97 | 456 |

# McMillan, Adm'r v. Peacock et al.

### Bill in Equity to foreclose Mortgage.

1. *Statutes creating and defining separate estate of wife; to what estates relate.*—It is the settled law of this court that the statutes creating and defining the separate estates of married women, relate only to estates which without legislation, would not have been separate, but would have been subject to the common law marital rights of the husband; the statutes have no application to estates which by operation of the instrument or contract creating them, are freed from these rights.

2. *Statutory estate; what creates.*—No particular form of words is essential to the creation of the equitable separate estate; if there be a clear, unequivocal intent to exclude the marital rights of the husband, manifested by the terms or legal operation of the instrument creating the estate, it is sufficient.

3. *Same.*—A conveyance by the husband directly to the wife, in consideration of natural love and affection, creates an equitable separate estate, which she may encumber or alien, as though a *femme-sole;* and a mortgage given by her and husband, to secure a loan of money, for which she executed her note jointly with the husband, is a valid security, and will be enforced in chancery.

APPEAL from Chancery Court of Dallas.

Heard before Hon. CHARLES TURNER.

Appellant McMillan, as administrator of one Mims, filed this bill against George Peacock and Mary, his wife, praying· the foreclosure of a mortgage they had executed on the 22d day of June, 1867, to secure a loan of money, for which they had executed their joint note to appellant's intestate.  The original bill states that the mortgaged premises originally belonged to one Nicholas Smith, who on the 11th day of· April, 1866, sold and conveyed to George McMillan, who thereupon took possession, and afterwards, " on the 21st day of February, said George Peacock, without any valuable· consideration, gave and conveyed the premises to said Mary,. his wife ;" that said deed was " executed directly to said Mary Peacock, and without any trustee, and without any consideration."  The bill further states, that at the time of the loan, Mims had no notice of the deed from said George Peacock to his wife.  Appellees demurred to the bill, on the ground that it showed that the mortgaged property was· the statutory estate of said Mary, and showed no facts authorizing the mortgage to secure the loan of money.  The court sustained the demurrer, and thereupon appellant amended, the bill by leave of court, charging that George Peacock was· largely indebted and insolvent at the time of making the· deed, and that it was made for the purpose of hindering, delaying, and defrauding creditors."  After this the appellees· answered :   George Peacock, in his answer referring to the· paragraph of the bill relating to the execution of the deed to his wife, states " that he executed the deed of conveyance·· in said section mentioned, in consideration of the love and affection he had for his wife, and thereby granted and con-- veyed to said Mary Peacock the property aforesaid ;" and. the answer of the wife refers to the contents of the deed in the same terms.   Afterwards, by leave of court, appellant amended his bill, by striking out his amendment, " and the· demurrer to the original bill having been heretofore sustained, and complainant now declining to amend his bill," the court accordingly dismissed it.

The decree sustaining the demurrer, and the dismissal of· the bill are now assigned as error.

PETTUS, DAWSON & TILLMAN, for appellants.

BROOKS, HARALSON & ROY, contra.

BRICKELL, C. J.—The important inquiry this case presents is, whether the mortgage is a conveyance of the wife's statutory, or of her equitable separate estate. The deed creating it is not exhibited, but the bill and answers concur in averring it was a conveyance by the husband directly to the wife, in consideration of love and affection. In neither bill, or answer, is it averred that words excluding the marital rights of the husband were employed.

It is the settled law of this court that the statutes creating and defining the separate estates of married women, relate only to estates, which without legislation, would not have been separate, but would have been subject to the common law marital rights of the husband, and not to estates which, by operation of the instrument or contract creating them, are freed from these rights, and the separate estate of the wife, in contemplation of a court of equity.—*Pickens v. Oliver*, 29 Ala. 528; *Smith v. Smith*, 30 Ala. 642; *Cannon v. Turner*, 32 Ala. 483; *Cowles v. Morgan*, 34 Ala. 535; *Huckabee v. Andrews, ib.* 646; *Short v. Battle*, 52 Ala. 456.

To the creation of the equitable separate estate, no particular form of words, no technical expressions are necessary. A clear, unequivocal intention to exclude all marital rights of the husband, to secure to the wife the separate, exclusive enjoyment of the estate, manifested by the terms or legal operation of the instrument creating it, is sufficient. If the grant or conveyance is made by a stranger, the intent to exclude all right of the husband, and to vest in the wife the entire, exclusive interest, must be expressed in clear terms; it can not rest on conjecture or implication.—1 Lead. Eq. Cases, 539. A conveyance by the husband to a trustee for the use of the wife, is necessarily for the separate, exclusive use of the wife; otherwise it would be vain and inoperative. *Steel v. Steel*, 1 Ired. Eq. 452.

A gift or conveyance made by the husband directly to the wife, during coverture, at common law, is void, as are all contracts made between husband and wife. Courts of equity have long been accustomed to support and maintain such gifts and conveyances, when they are not fraudulent as to creditors. Of necessity they create in the wife a separate estate, vesting in her the entire, exclusive interest, since otherwise the transaction, which was intended "to have some effect, can have none in law or equity."—1 Bish. Mar. Women, § 838; *Shepard v. Shepard*, 7 Johns. ch. 57; *Whitten v. Whitten*, 3 Cush. 193; *Denning v. Willlams,* 26 Conn. 226; *Powell v. Powell*, 9 Hum. 477. All that is necessary to

(10)

[McMillan, Adm'r v. Peacock et al.]

the creation of an equitable separate estate is, as we have seen, a clear, unequivocal intention to vest in the wife the entire, exclusive interest. A conveyance by the husband directly to the wife, without reservation, is necessarily a clear, unequivocal manifestation and declaration of the intention to relinquish his own rights, and to clothe the wife with them, and that intention a court of equity will carry into effect.—*Mc Williams v. Ramsey*, 23 Ala. 813; *Andrews v. Andrews*, 28 Ala. 432; *Spencer v. Godwin*, 30 Ala. 355. The estate of the wife is, therefore, her separate estate independent of legislation. If the statutes creating separate estates had not been enacted, the effect and operation of the husband's conveyance would have vested in her the entire, exclusive interest.

The question arises, have these statutes changed or abrogated this well established principle? In *Short v. Battle*, *supra*, we said, " the only purpose of the statutes was to take away the common law rights of the husband, and to define and regulate the manner in which the property of the wife should be held, to which these rights would have attached. Property of the wife to which these rights could not attach, which was, by the instrument conferring title, freed from them, and from all liability to the husband's debts, and from his power of disposition, was not within the purview of the statutes. Such property was not subject to the mischief the legislature proposed to remedy. It was secured to the wife without the aid of the statutes. The statutes are enabling, not in restraint, of existing rights. They propose to confer on married women rights they had not at common law, nor could they obtain in equity, unless a trust was created, of which equity had jurisdiction. To construe them as abrogating or changing the existing laws, divesting the wife of rights recognized and enforced, would not comport with their letter or spirit." The statute of Mississippi provided that " any married woman may become seized or possessed of property, real or personal, by direct bequest, devise, gift, purchase or distribution, in her own name and as of her own property, provided the same does not come from her husband after coverture." It was contended this proviso abrogated the principle that a gift or conveyance by the husband created in the wife a separate estate, and avoided it. But it was declared by the court the statute was enabling, conferring rights not previously existing, working no change in the law regarding equitable separate estates, and not affecting gifts or conveyances by the husband to the wife.—*Ratcliffs v.*

[Conner v. Williams.]

*Dougherty,* 24 Miss. 181; *Warren v. Brown,* 25 *ib.* 66. We can perceive no reason for distinguishing a separate estate created by the gift or conveyance of the husband to the wife, from the separate estate created by the gift or conveyance of the husband to a trustee for the use of the wife, or from any other estate made separate, without the aid of legislation. Conforming to our previous decisions, we hold the conveyance of the husband created in the wife an equitable separate estate, she was capable of aliening or encumbering as if she was sole. The mortgage in which her husband joined, to secure the payment of the debt they jointly contracted, is a valid security, and should have been foreclosed.—3 Johns. Ch. 127.

The chancellor erred in sustaining the demurrer to, and dismissing the appellant's original bill, and his decree must be reversed, and the cause remanded.