[Helmetag v. Frank.]

# Helmetag *v.* Frank.

*Bill in Equity to Foreclose Mortgage, &c.*

1. *Equitable separate estate; what creates.*—A gift by the husband to the wife, of property real or personal, creates in the wife an equitable separate estate, and property thus acquired is not within the operation of statutory or constitutional provisions which create the separate estate.

2. *Same; incidents of.*—An incident of an equitable separate estate is the power of the wife to alienate or charge it, as if she were a *femme sole,* unless restrained by the instrument creating it. She may mortgage it as security for her own debt, or that of the husband.

3. *Evidence of debt; renewal of, effect of.*—The renewal of the evidence of a debt secured by mortgage, is not a payment; nor does it impair the lien of the mortgage.

4. *Variance between allegation and proof; effect of.*—The pleadings and proof must correspond, and a material variance between them, however clear may be the equity of the complainant, is fatal to relief.

APPEAL from the Mobile Chancery Court.

Heard before Hon. H. AUSTILL.

The appellee, Minna Frank, filed her bill against the appellant, Amelia Helmetag, and her husband, seeking to foreclose a mortgage executed by them on a certain house and lot in the city of Mobile. The bill alleges that F. W. Helmetag, the husband of the appellant, was seized in fee of the premises, and that both he and his wife claimed that he was so seized; that being so seized in fee, and he and his wife so representing, they applied to appellee for a loan of $1,320, to be secured by a mortgage on the property in controversy; that the appellee then loaned them the money, for which she took their joint note, payable to her twelve months after date, at the Mobile Savings Bank. The original note was secured by the mortgage sought to be foreclosed, and not having been paid at maturity, was surrendered to appellant and her husband, and they executed another joint note for the same amount, payable at twelve months. This last note was, at maturity, extended for a year, and has not been paid.

The bill prays a sale of the mortgaged property, and for general relief. Sworn answers were required, and the defendants filed separate answers under oath. The answer of the husband denied that he ever represented to appellee that the mortgaged property belonged to him, and stated that it was the wife's property, and that the appellee knew it

[Helmetag v. Frank.]

belonged to her; that the money was loaned to him alone, and that the wife had never received any of it, or any benefit of it; that she was merely security on the note, and mortgaged the property to secure it.

The answer of the wife also denies that she ever represented to appellee that the property in controversy belonged to her husband, but avers that it then was and still is, her statutory separate estate, by conveyance from her husband upon consideration of love and affection, while he was fully solvent and unembarrassed, long before the debt to appellee was contracted.  The deed was made an exhibit to the answer.  This deed was made in consideration of natural love and affection, and gave, granted and conveyed the property, to said Amelia Helmetag, " her heirs and assigns forever, to have and to hold unto her the said Amelia Helmetag, her heirs and assigns forever."  The cause was heard on bill and answers, and the chancellor rendered a decree granting the relief prayed, and ordering a sale of the mortgaged property, &c.  From that decree this appeal is taken.

St. Paul & Labuzan, for appellant.—The deed from appellant's husband to her, contained no words which excluded his marital rights; and hence it created in her a statutory separate estate.  While at common law the direct deed of the husband to the wife, passed nothing until the death of the husband, a court of equity, if called upon, would hold it good as vesting an estate in the wife.  The statute now confers capacity upon the wife to take and hold the estate; and no reason exists to call into exercise the powers of a court of equity to effectuate the intention of the donor.  The true rule in determining whether the estate of the wife is equitable or statutory is: Does the instrument creating it exclude the marital rights of the husband?  Measured by this rule the deed created in Mrs. Helmetag a statutory estate, and it is clear that neither she, nor her husband, nor both, could mortgage it, for any purpose whatever.  Again, the note secured by the mortgage was paid by the substituted note and the mortgage thereby satisfied.—See 2 La. Ann. 175; 4 La. Ann. 543; 6 La. Ann. 774; 10 La. Ann. 623.  The variance between the allegations of the bill and the proof, was fatal, and the bill should have been dismissed.  19 Ala. 698; 18 Ala. 353; 22 Ala. 602; 28 Ala. 613; 29 Ala. 353.

Frederick G. Bromberg, contra.—A gift from the hus-

[Helmetag v. Frank.]

band to the wife, in consideration of love and affection, and without words of limitation, creates in the wife an equitable separate estate, which she holds as a *femme sole*, and which she may bind by any contract of hers. The deed in this case created in appellant an equitable separate estate, and by joining in the note and mortgage to appellee, she rendered it subject to the debt.—See 30 Ala. 358; 23 Ala. 816; *McMillan v. Peacock*, 57 Ala. The renewal of the note secured by the mortgage did not satisfy the mortgage, which still remained a security for the substituted note.—1 Dan. on Neg. Inst. 164, § 205; 24 La. Ann. 193.

BRICKELL, C. J.—1. We regard it as the settled law of this State, that a gift by the husband to the wife of property real or personal, creates in the wife an equitable separate estate. Property thus acquired by the wife, is not within the influence and operation of the statutory or constitutional provisions which create separate estates.—*McMillan v. Peacock*, 57 Ala. 127, and authorities cited. An incident of an equitable separate estate, is the power of the wife to alienate or charge it, as if she were a *femme sole*, unless restrained by the instrument creating it. She may mortgage it as security for her own, or for the debt of her husband.—*McMillan v. Peacock, supra.*

2. It is also well settled, that the renewal of the evidence of a debt secured by mortgage, is not a payment; nor does it impair the lien of the mortgage.—*Boyd v. Beck*, 29 Ala. 703. The complainant consequently on the proof was entitled to a decree of foreclosure.

3. To support a final decree, the pleading and proof must correspond, and a variance between them, however clear may be the equity of the complainant, is fatal.—*Crabb v. Thomas*, 25 Ala. 212; *Skinner v. Barney*, 19 Ala. 698. The averment of the bill is that the husband was seized in fee of the premises, and that he and the wife *alleged* that he was seized in fee. The latter averment is immaterial and must be rejected as surplusage. The material fact which should have been stated, was as to the title of the wife, and that it was a title, which notwithstanding her coverture, she had capacity to transfer by mortgage. The title shown by the bill resided in the husband at the execution of the mortgage; and though the wife may have joined in its execution, the legal consequence is, that thereby only her contingent right of dower was conveyed. The proof shows that the title resided in the wife, under a conveyance from the hus-

band, creating an equitable separate estate, she had the capacity to charge by mortgage. The variance compels a rever--sal of the decree.

Reversed and remanded.