[Williams v. Williams.]

# Williams *v.* Williams.

68   405
103  131

*Petition in Probate Court for Dower.*

1. *Life insurance ; statutory separate estate of the wife.*—The title to a policy of insurance, which was taken out by the husband on his life in the name of the wife as the sole beneficiary, and which did not, by its terms, exclude the husbands's marital rights, vested in her, as her statutory separate estate, at the time the policy was delivered.

2. *Dower; when barred by statutory separate estate of the wife.*—Such policy of insurance having been kept alive during the life of the husband, the wife after his death collected from the insurance company issuing it, the amount insured thereby which exceeded the value of her dower interest and distributive share in his estate ; *held,* that under the statute (Code of 1876, §§ 2715-16), she was thereby barred of dower.

APPEAL from Dallas Probate Court.

Tried before Hon. P. G. WOOD.

To the statement of facts contained in the opinion it may be added, that it was shown on the trial of the petition in the court below, that the petitioner had no knowledge or information of the existence of the policy of insurance, which is set up as a defense to the petition, until after her husband's death, when the policy and the receipts of the insurance company for the annual premiums thereon were found among his papers ; that she never paid any thing on or for the policy in the way of premiums or otherwise, and that after her husband's death she collected the amount insured by the policy from the company issuing it, and the amount so collected exceeded the value of her dower interest and distributive share in his estate.

Dower was denied to the petitioner, and her petition was dismissed by the decree of the Probate Court; and that decree is here assigned as error.

T. B. ROY, for appellant.

PETTUS, DAWSON & TILLMAN, *contra.*

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—This is an application, filed in the Probate Court of Dallas county by Mrs. Clara H. Williams, claiming dower in the lands of her late husband, M. J. Wil-

[Williams v. Williams.]

liams.   It is defended on the ground that the petitioner had received the proceeds of a life policy of insurance for $10,000, on the life of her said husband, taken out by him during coverture for her benefit.   It is claimed that this was her statutory separate estate, and that it was equal to, or greater in value than her dower interest and distributive share in her husband's estate ; and that, for this reason, she is barred of her dower under the provisions of sections 2715 and 2716 of the Code of 1876, or, as they then stood, sections 2380–81 of the Revised Code of 1867.

The main question presented for decision is, whether this policy was the statutory separate estate of the wife.

It was taken out in her name as sole beneficiary, and it was, therefore, her property, the title vesting in her at the time the policy was issued and delivered.—*Drake v. Stone, et al.* 58 Ala. 133 ; *Continental Ins. Co. v. Webb, Adm'r,* 54 Ala. 688 ; Bliss on Life Ins. § 317.

There are no words used anywhere indicating an intention to exclude the marital rights of the husband, so as to impress upon this property the characteristic features of an equitable separate estate.   The fact that the wife's right of enjoyment is postponed, by the very terms of the policy, until the husband's death, in no manner affects the question.   We do not, therefore, think the proposition can be successfully maintained, that the policy in question was an equitable separate estate, as opposed to one created by statute.—*Short v. Battle,* 52 Ala. 456 ; *Cannon v. Turner,* 32 Ala. 483.

It not being the former, it must, of necessity, be the latter, whether acquired by gift, grant, inheritance, devise, or other manner.—Const. 1875, Art. 10, § 6 ; Code, 1876, § 2705.

This case does not come within the operation of *McMillan, Adm'r, v. Peacock,* 57 Ala. 127.   The principle announced there is to be confined to cases where a conveyance is made by the husband *directly* to the wife, and does not embrace those where the title to property is derived immediately from a third person.

Affirmed.