# Powe *v.* McLeod & Co.

*Bill in Equity by Creditors to set aside Fraudulent Conveyance.*

1. *Parties to bill.*—When a bill seeks to set aside, on the ground of fraud as against creditors, a conveyance executed by the debtor to his wife directly, the debtor himself is a necessary defendant to the bill, and on his death, pending the suit, his administrator and heirs are necessary parties.

2. *Conveyance by husband to wife.*—A conveyance of lands by the husband to his wife directly, without the intervention of a third person as trustee, passes to her only an equitable estate, the legal title remaining

[Powe v. McLeod & Co.]

in the husband as her trustee; and on his death, the legal title descends to his heirs.

3. *Non-joinder of parties.*—The absence of an indispensable party, in a chancery cause, is available on error, and will work a reversal, without previous objection in the court below.

4. *Judgments and decrees; from what day operative.*—The rule of the English courts, which regards a term of court as a single day, and all judgments rendered during the term as rendered on the first day, is never allowed to prevail over the substantial equities of third persons; and it has never been adopted in our practice, which assigns to judgments and decrees the exact date on which they are rendered.

5. *Death of party after submission, and while cause is held under advisement.*—By the settled practice of this court, when a cause has been submitted for decision, and one of the parties dies while it is held under advisement, his death does not affect the validity of the judgment afterwards rendered, which is declared on its face to take effect as of the day of submission; but the court will not extend this rule to a judgment or decree rendered by the primary court, under similar circumstances, after the death of an indispensable party, whose administrator and heirs have never had a day in court.

6. *Homestead exemption; extent, and by what law determined.*—As to debts contracted after the constitution of 1868 became operative, but before the passage of the statute approved April 23d, 1873, the value and extent of the homestead exemption are to be determined by that constitution, and it can not exceed eighty acres.

APPEAL from the Chancery Court of Wilcox.
Heard before the Hon. N. S. GRAHAM.

S. J. CUMMING, for appellants.

COCHRAN & DAWSON, *contra.*

STONE, C. J.—The present bill was filed by complainants, McLeod and others, against Thomas A. Powe and M. H. Powe, his wife, and seeks to set aside as fraudulent a deed to lands, executed by the former to his wife, on the 12th day of December, 1873. Each of the complainants was a creditor of the said Thomas A. before the deed was made, and they have since reduced their claims to judgments, and have had executions returned unsatisfied.

The terms of the Chancery Court of Wilcox were, by law, holden in April and October. At the April term, 1882, the cause was submitted for a final decree, and a note of the testimony was then taken. The chancellor held up the consideration and decree of the case until vacation, by consent of counsel. The decree was written out and signed in vacation, October 31st, 1882, and was filed in the office of the register, December 29th, 1882. The Fall term of said Chancery Court commenced its session on the second day of October, 1882, and by law could hold only three days. So, the final decree was both written and filed after the October term of that year,

although it is headed as of that term. A report is found in the record, made by M. H. Powe, but not stating when made, informing the Chancery Court that, on the 27th day of October, 1882, the said Thomas A. Powe died. This is not controverted ; while an agrement of counsel, in reference to the appeal, not only concedes the death of Mr. Powe, but admits an administrator has been appointed to take charge of his estate. It is thus shown that Mr. Powe died before the decree was filed, or even written. He was a necessary party to the suit. He was the party from whom the debts were sought to be collected, and he had a right to be heard as to whether there were debts, and the amount of them. There is another reason. The conveyance from Powe to his wife direct, did not vest the legal title in her. It clothed her only with an equity, the legal title remaining in him as her trustee.—*McMillan v. Peacock*, 57 Ala. 127. To justify the relief claimed in this case, it was necessary to have the legal title before the court. The omission of an indispensable party in a chancery cause, is available on error, without previous objection.—*Dooley v. Villalonga*, 61 Ala. 129 ; *Boyle v. Williams*, 72 Ala. 351 ; *Lawson v. Ala. Warehouse Co.*, 73 Ala. 289.

It is a settled rule of the English law, that all terms of their courts are considered as one day, and all judgments rendered during any one session are treated as rendered on the same day,—the first day of the term. This was with them only a fiction, sometimes regretted, but followed because of its antiquity.—*Heapy v. Parvis*, 6 T. R. 368 ; *Bragner v. Longmead*, 7 T. R. 20. This fiction, however, was never allowed to prevail over the substantial equities of outsiders. That rule has not been followed in this country, except in a few States. Freeman on Judgments, § 369 ; *Morgan v. Sims*, 26 Geo. 283 ; *Nichols v. Chapman*, 9 Wend. 452.

It was decided in this court, at an early day, that when a cause was submitted here for decision, and held for consideration, the death of parties between the submission and the decision did not impair the validity of the judgment. The rule was to declare, in the judgment itself, that it should take effect as of the day of submission. Under this principle, the appellee contends that the decree in this cause should be upheld, because in its caption it bears date as of October term, 1883, when Mr. Powe was alive, and because the cause had been submitted, and was in the hands of the chancellor, at the time of his death. We can not agree to this. A very great difference exists, between applying this principle to a primary court, and an appellate court. In the latter, the party has had his day in court, and his rights have been passed on while he

[Ganey v. Sikes.]

was in life.  If, in such case, this court affirm the judgment, it impairs or adjudges no disputed rights, and devests no title. It simply affirms the correctness of the lower court's rulings, and directs the execution of its judgment, which thereby becomes merged in the judgment of this court.  It announces no new judgment, but concurs in one already rendered.  If the case be reversed in this court, the result is to remand the cause for another original trial, after a proper revivor shall be ordered, bringing all necessary parties before the court.

.The present case affords an apt illustration of what would be the effect of applying this principle to a primary court. The legal title to the lands, and the right and presumed knowledge necessary to controvert complainants' claims, were in Thomas A. Powe during his life.  When he died, the former was cast immediately on his heirs, and the duty and burden of the latter devolved on his personal representative.  Neither of these has had a day in court.

We think, however, that our statutes, and previous rulings upon them, require us to assign to judgments and decrees of courts of primary jurisdiction the exact dates on which they are rendered.  We deem this necessary, as a guide in issuing execution, and in determining liens.  There is in fact no authority for issuing a first final process against a dead man. Code of 1876, §§ 2633, 3213 ; *Hendon v. White*, 52 Ala. 537 ; *Childs v. Jones*, 60 Ala. 352 ; *Brown v. Newman*, 66 Ala. 275 ; *May v. Parham*, 68 Ala. 253 ; *Ala. Coal & Nav. Co. v. State*, 54 Ala. 36.

The claim of homestead exemption in this case was excessive, and for that reason invalid.  It could only rightfully be asserted for eighty acres, against debts contracted when these were.—*Spencer v. Clark*, 75 Ala. 49.  We will not consider the other questions.

For the error above pointed out, the judgment is reversed, and the cause remanded.