# Loeb *v.* McCullough.

*Bill in Equity for Foreclosure of Mortgage.*

78　533
102　472
78　533
116　133

1. *Conversion of wife's statutory into equitable estate.*—Husband and wife can not, by any contract or transaction between them, convert the wife's statutory estate into an equitable estate, with power in her to charge it. (Overruling *Turner v. Kelly*, 70 Ala. 85, and disapproving *Goodlett v. Hansell*, 66 Ala. 151 ; SOMERVILLE, J., not concurring.)

2. *Conveyance by husband to wife.*—A conveyance of lands by a husband to his wife directly, without the interposition of a third person as trustee, is the equivalent of a conveyance to her sole and separate use. (Re-affirming *McMillan v. Peacock*, 57 Ala. 127, "which has been so often followed that the court now declines to disturb it.")

3. *Same.*—Whether the husband can, by any conveyance made directly to the wife, or to a naked trustee for her benefit (Code, § 2185), clothe her with a statutory estate, and whether such conveyance can have any operation except in equity, are questions not decided.

4. *Parties to bill ; mortgagee and assignee.*—The mortgagee is a necessary party to a bill for foreclosure filed by the assignee, unless it is shown that the legal title passed to the assignee by proper conveyance.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the HON. THOS. M. ARRINGTON.

The bill in this case was filed on the 8th July, 1885, by Louis Loeb, against Joseph McCullough and his wife, Mary A. McCullough ; and sought to foreclose a mortgage on a tract of

land,. executed by said McCullough and wife to E. Blum, and assigned by said Blum to the complainant. The mortgage, a copy of which was made an exhibit to the bill, was dated January 6th, 1874, and purported to be given for advances to make a crop. The bill alleged that the mortgage was, on the 15th February, 1876, "duly assigned and transferred by said Blum to complainant;" but the assignment was not set out. The bill alleged, also, that the lands conveyed by the mortgage were held by Mrs. McCullough as an equitable separate estate, under a conveyance by her husband to Thomas McCullough as trustee for her benefit; a copy of which conveyance was made an exhibit to the bill. The defendants demurred to the bill, because Blum was not made a party, and because the deed to Thomas McCullough as trustee created in Mrs. McCullough a statutory estate, which she could not charge or convey by mortgage. The court sustained the demurrer, and dismissed the bill; and this decree is now assigned as error.

SMITH, MACDONALD & MARKS, for appellant.

WILLIAMSON & HOLTZCLAW, contra.

STONE, C. J.—On the 10th day of January, 1868, Joseph McCullough, by deed absolute in terms, conveyed certain described lands "to Thomas McCullough, as trustee for my [his] wife Mary." The consideration of the deed is thus expressed: "For and in consideration of being indebted to my wife, Mary A. McCullough, an amount of her separate estate received by me in the sum of four thousand dollars in money." The habendum clause is as follows: "To have and to hold to him, the said Thomas McCullough, as trustee for my said wife Mary; the same to be held and enjoyed by her in all respects as her separate estate under the laws of Alabama, and the same to be held, governed and controlled, in all respects by the statutes of said State respecting the separate estates of married women, he, the said Thomas McCullough, being the more depositary of the legal title to said property, and not to be responsible for the same, or any part thereof," &c.

On the 6th day of January, 1874, the said Joseph McCullough and Mary A., his wife, conveyed said lands by mortgage to E. Blum, to secure, among other things, their joint note to him in the sum of one thousand dollars, due September 1st, 1874. The present bill was filed to foreclose said mortgage. It avers that the debt is due and unpaid, and "that on, to wit, the 15th day of February, 1876, said note and mortgage were duly assigned and transferred by said Blum to your orator" [Loeb], who now owns the same." There was a demurrer to

the bill, which the chancellor sustained; and from that decretal order this appeal is prosecuted. The grounds of the demurrer are, in substance, first, that Blum, the mortgagor, is not made a party; second, that Mrs. McCullough's estate in the lands was and is statutory, and that she could not bind it by mortgage.

An amended bill was filed, which avers that certain other named persons, whom it makes defendants, claim some interest in the lands mortgaged.

The theory of the bill is, that Joseph McCullough's conveyance, for the benefit of his wife, makes Thomas McCullough a dry trustee, charged with no duties; and that inasmuch as our statute of uses, *ex proprio vigore*, transfers such title to the beneficiary, the legal effect of the deed was and is the same as if Joseph McCullough had conveyed the lands directly to his wife.—Code of 1876, § 2185; *You v. Flinn*, 34 Ala. 409; *Webb v. Crawford*, 77 Ala. 440. And, second, the conveyance, being in legal effect from husband directly to his wife, vested in her an equitable title, which she had capacity to charge, and did charge by her mortgage.—*McMillan v. Peacock*, 57 Ala. 127; *Helmetag v. Frank*, 61 Ala. 67; *Seals v. Robinson*, 75 Ala. 363; *Meyer v. Sultzbacher*, *Ib.* 423; *Powe v. McLeod*, 76 Ala. 418; *McIlwain v. Vaughan*, *Ib.* 489; *Washburn v. Gurdner*, *Ib.* 597.

We need not decide whether there is, in this case, anything to take it out of the operation of the rules stated above. We think, however, that taking the bill as framed, it does not fall within these rules. The deed from Joseph McCullough to Thomas McCullough, for the use of Mary A. McCullough, is made a part of the bill. That deed recites that Joseph McCullough had used four thousand dollars, the separate estate of his wife. Made at the time that deed was—some eighteen years after the enactment of the statute of 1850 securing to married women their separate estates—we must presume, in the absence of averment to the contrary, that her said separate estate was statutory.—*Patterson v. Kicker*, 72 Ala. 406. The deed further recites, that the conveyance is made in consideration of said moneys, the separate estate of Mrs. McCullough, so used by her husband. Taking this to be true, as we must on demurrer, the land is made to take the place of her money. And we may ask, did the parties intend to convert her statutory estate into an equitable one? The language of the deed repels such intention. It conveys the land "to be held by her in all respects as her separate estate under the laws of Alabama."

In *Seals v. Robinson*, 75 Ala. 363, the deed which that suit sought to have set aside, as fraudulent as against creditors, was made directly by the husband to the wife, on a consideration of love and affection, without any valuble consideration expressed.

It, like the present deed, conveyed the property to the wife, "as her separate property under the statutes of the State governing the estates of married women." The fact that, under the law, the husband is entitled to receive as trustee the rents, income and profits of the wife's statutory estate, without liability to account for the same, was held in that case to be a badge of fraud, showing an intention in the husband to secure a benefit to himself. It was not announced that the conveyance created a statutory estate; but the result of the ruling was, that the words had some operation. We need not, and do not decide, whether the husband, by deed directly to his wife, or by conveyance for her benefit made to a dry trustee charged with no duties, can clothe the wife with a statutory estate. Such deed being inoperative at law as a transfer of title, can it have any effect save in a court of equity? However the question propounded above, but not answered, may be determined, there can be no question, that the words employed prove clearly that there was no intention to create an equitable separate estate. Nor can husband and wife, by mere contract between themselves, convert her statutory into an equitable separate estate. Code of 1876, § 2709; *Coleman v. Smith*, 55 Ala. 368; *Lee v. Lee*, 77 Ala. 412: *Hardin v. Darwin, Ib.* 472. The statute gives her no power to effect such change, and she is under all the disabilities of coverture, save those of which the statute has expressly relieved her. Chancery can relieve her of some or all of the disabilities of coverture, as she may claim and obtain relief under one or other sections of the Code of 1876, §§ 2717-18, 2723, 2728, 2731; *Lee v. Tannenbaum*, 62 Ala. 501; *Hatcher v. Diggs*, 76 Ala. 189; *Meyer v. Sultzbacher, Ib.* 120; *Warren v. Wagner*, 75 Ala. 188; *Falk v. Hecht, Ib.* 293; *King v. Bolling, Ib.* 306.

And there are reasons—cogent reasons—why the husband will not be allowed to contract with his wife for the conversion of her statutory into an equitable estate. The statute forbids them to contract with each other, for the sale of any property; and if by mere agreement between themselves, the statutory estate can be made equitable, then, by the employment of such influence as the law presumes the husband exerts over the wife, he can induce her to make such change in the terms by which she holds her property, as that she may pledge it indefinitely for the payment of his debts, and even convey it to him as a gift. This, too, while the law makes him her trustee—a relation which is supposed to arm the fide-commissary with so great power and such alluring temptations, that chancery will not allow him to make a profit, or even to traffic in the subject of the trust. And we may well inquire, why has the legislature felt itself so often called upon to provide the means of

relief from the disabilities, total or partial, under which married women labor, if a mere private agreement of the parties can accomplish the same result, without delay or expense? We hold that, by no contract between husband and wife, can her statutory separate estate be converted into an equitable estate, with power in the wife to charge it.

In what is said above we intentionally overrule what is said in *Turner v. Kelly*, 70 Ala. 85, as embodied in the 5th head-note of the report of that case. In the case of *Goodlett v. Hansell*, 66 Ala. 151, there is an expression in the 7th head-note which is not reconcilable with our views. The exact statement, as there expressed, is not found in the opinion, and it may admit of doubt whether the author of the opinion intended to be so understood. Whether he did or not, it does not seem to have been necessary to a decision of the case. We decline to follow it, so far as it conflicts with our views expressed above.—See *Sawyers v. Baker*, 77 Ala. 461.

In *Washburn v. Gardner*, 76 Ala. 597, we left the question open, whether we would follow the rule laid down in *McMillan v. Peacock*, 57 Ala. 127, which interpreted a conveyance by husband directly to his wife as the equivalent of a conveyance to her sole and separate use. The ruling in *McMillan v. Peacock* has been so often followed in this court, that we decline to disturb it. If it be desirable to change it, the legislature can administer the proper relief, without the hazard of disturbing possessions that may rest on our many rulings which have followed that case.

Should there be an attempt to amend this bill, by showing either that Mrs. Mary McCullough's estate, alleged to have been converted by her husband, was equitable, or that she had either no such estate, or that it was insufficient in amount to justify the conveyance made; or that it had not been used or converted by her husband,—then it will be well to consider the terms of the alleged assignment of the mortgage by Blum to Loeb. If it did not transfer the legal title of the mortgaged premises to the latter, Blum should be made a party, so as to bring that title before the court.— *Welsh v. Phillips*, 54 Ala. 309; *Buell v. Underwood*, 65 Ala. 285; *Prout v. Hoge*, 57 Ala. 28; *Fulgham v. Morris*, 75 Ala. 245.

The bill, in its present form, does not entitle complainant to relief, and the decretal order of the chancellor is affirmed.

Our brother SOMERVILLE concurs with us in holding the decree of the chancellor should be affirmed. He prefers, however, to place his conclusion on other grounds, and not now to inquire into or disturb the ruling in *Turner v. Kelly, supra.*

Without intending to express either assent to, or dissent from his views, we leave it for him to declare them, should he wish to do so.