# Carrington *v.* Richardson.

*Statutory Action in nature of Ejectment.*

1. *Title of purchaser at sale under execution.*—To authorize a recovery on a sheriff's deed, the grantee must show a judgment, execution, levy, sale and conveyance, though the recitals of the deed may make a *prima facie* case as to some of these facts; and the deed does not convey any greater estate or interest than it assumes and purports to convey, although the defendant in execution in fact had a greater interest subject to levy and sale.

2. *Conveyance by husband to· wife, during coverture.*—A conveyance of lands by the husband, " to the sole and proper use, benefit and behoof of " his wife, her heirs and assigns, is a mere nullity at law, neither transferring to her any legal estate or interest, nor devesting the title out of himself.

3. *Same; tenancy by curtesy, in legal and equitable estates.*—When the husband conveys lands to the wife, during coverture, to her sole and

[Carrington v. Richardson.]

separate use, and she dies after issue born alive, if he is tenant by the curtesy (which is not decided), it is only of an equitable estate; and a purchaser of that interest, under execution sale against him, does not acquire a title on which he can maintain an action of ejectment.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by W. E. Richardson against Letitia Carrington, to recover the possession of a city lot in Mobile, particularly described in the complaint; and was commenced on the 16th January, 1885. The plaintiff claimed under a purchase at sheriff's sale, under execution against Richard Walker; and he produced the judgment, execution, levy, and sheriff's deed, which recited a sale under the execution on the first Monday in August, 1884. The defendant was the daughter of said Richard Walker by Alice Walker, his wife; and was in possession of the premises, claiming title as devisee under the will of her mother, which was duly probated in September, 1883; and under a conveyance to her mother by said Richard Walker, which was dated June 22d, 1875, and by which the premises were conveyed " to the sole and proper use, benefit and behoof of" the said Alice Walker, her heirs and assigns. On the admitted facts, the court charged the jury, on request of the plaintiff, that they must find for him if they believed the evidence. The defendant excepted to this charge, and here assigns it as error.

L. H. FAITH, for the appellant.—The deed of Richard Walker to his wife created in her an equitable estate, leaving only the legal title in himself as her trustee.—*Copeland v. Kehoe,* 57 Ala. 246; *Goodlett v. Hansell,* 66 Ala. 158; *Davidson v. Lanier,* 51 Ala. 318; *McMillan v. Peacock,* 57 Ala. 127; *Helmetag v. Frank,* 61 Ala. 67; *Crockett v. Lide,* 74 Ala. 304; *Short v. Battle,* 52 Ala. 456. This legal title was not subject to sale under execution against the husband, nor was it sold. *Lide v. Crockett,* 74 Ala. 304; *Morris v. Zeigler,* 71 Penn. St. 450; *Phillips v. Wooster,* 36 N. Y. 412. On the death of the wife, having devised the land, the legal and equitable title united and vested in her devisee. 2 Halst. N. J. 142; 26 Md. 5; 11 Md. 492; 12 Md. 158; 13 Md. 348; 17 Ala. 636, 743; 18 Ala. 690; 21 Ala. 458; *McBrayer v. Cariker,* 64 Ala. 50. The sheriff's deed purports to convey only the defendant's title as tenant by curtesy, and it can have no other or greater effect.—*Sheppard v. Simpson,* 1 Dev. N. C. 237; *Carpenter v. Cameron,* 7 Watts, 51; Murphree on Sheriffs, § 997; 6 Cowen, 720; 11 Barb. 173; 1 John. Cases, 284. But the defendant had no estate by curtesy, and therefore nothing passed by the sheriff's deed.—*Breeding v. Davis,*

[Carrington v. Richardson.]

77 Va. 639, or 46 Amer. Rep. 740; *Hitz v. National Bank*, 111 U. S. 731; *Wallace v. Bassett*, 41 Barb. 92; 2 Lans. 21; 53 Ill. 495; 79 Ill. 103; *Stewart v. Ross*, 50 Miss. 776; 10 Allen, 94.

WM. E. RICHARDSON, and with him MCINTOSH & RICH, *contra*. The conveyance by Richard Walker to his wife transferred only an equitable interest, and is a nullity at law.—*McMillan v. Peacock*, 57 Ala. 129. The husband is entitled to an estate by curtesy in lands held by his wife as an equitable estate. *O'Connor v. Chamberlain*, 59 Ala. 439; *Short v. Battle*, 52 Ala. 463; *Watts v. Ball*, 1 P. W. 109; *Cooper v. McDonald*, 7 Law Rep., Ch. Div. 297; *Roberts v. Dixwell*, 1 Atk. 607; 1 Washb. Real Property, 149–51; *Morgan v. Morgan*, 5 Madd. 408; Roper on H. & W. 18–20; Lewin on Trusts, 624; 14 Sim. 125; *Payne v. Payne*, 11 B. Mon. 138; Schouler's Dom. Rel. 196; *Porch v. Fries*, 18 N. J. Eq. 209. This estate of the husband became perfect on the death of the wife, and was not defeated by the devise contained in her will. *Smoot v. Lecatt*, 1 Stew. 590; 2 Hill, N. Y. 554; *Mullany v. Mullany*, 3 Green's Ch. (31 Amer. Dec.) 238; *Ege v. Medlor*, 82 Penn. St. 86; *Frazer v. Hightower*, 12 Heisk. 94; 18 N. J. Eq. 208; *Baker v. Chastang*, 18 Ala. 423; *Norton v. Ladd*, 5 N. H. 205; *Osgood v. Breed*, 12 Mass. 225; *West v. West*, 10 S. & R. 445. The estate by curtesy was liable to levy and sale under execution.—*Cheek v. Waldrum*, 25 Ala, 152; *Brevard v. Jones*, 50 Ala. 238.

STONE, C. J.—Under an execution issued from the Circuit Court of Mobile county, on a judgment recovered in said court in favor of Bernard Moog, and against Richard Walker, the sheriff of Mobile county made, and entered on said execution, a levy on the lot sued for, indorsing his levy in the following language: "I levied this execution on all the right, title and interest of Richard Walker, in and to the following described real estate, with the improvements thereon" [Here follows a description of a lot, not sued for in this action]; "also, the interest of R. Walker, being his curtesy, in the house and lot in the city of Mobile;" describing the lot sued for in this statutory real action. This levy bears date July 3, 1884. On August 4, 1884, the sheriff executed a deed of conveyance to Richardson, plaintiff in this action. The deed, after reciting the levy, advertisement and sale of the property, and the purchase by Richardson and payment of the purchase-money, conveyed to him the lot in controversy, in the following language: "The interest of R. Walker, being his curtesy, in the house and lot," &c.

[Carrington v. Richardson.]

To authorize a recovery on a sheriff's title, there must be a judgment, execution, levy, sale and conveyance. The proof of these several facts may not rest on the plaintiff in the first instance. The recitals in the deed make a *prima facie* case of some of these essential facts. Still they are all essential; and if any of them do not in fact exist, title is not acquired by the purchase.— *Ware v. Bradford*, 2 Ala. 676. No one will contend that, in the absence of the sheriff's deed, title would be transferred. The sheriff is the agent, or instrument of the law, by whom, in certain conditions, title is devested out of the judgment-debtor, and vested in the purchaser. The conditions existing, a sheriff's deed is as effective as a conveyance, as if the judgment-debtor had himself conveyed. But it can not be more effective. It does not, and can not, convey any greater quantity of land, or any greater interest in the land, than it assumes or purports to convey, any more than a private conveyance will be construed to convey a greater interest than it expresses on its face. If it convey a partial, defined interest, it leaves the residue of defendant's title or property where it found it; and it matters not that a greater interest might have been sold and conveyed. The inquiry is not alone what interest or title had the defendant in execution, which could have been seized and sold. It goes farther, and inquires to what extent has that interest been levied on, sold and conveyed; and when the deed expresses that only a particular estate, or partial interest has been sold, this is a negation that any other estate or interest is conveyed, or intended to be conveyed. *Expressum facit cessare tacitum.* These principles are fully supported by the following authorities, if authority for so plain a proposition be necessary : *Carpenter v. Cameron*, 7 Watts, Pa. 51: *Sheppard v. Simpson*, 1 Dev. Law, 237; Herman on Executions, 479–89. See, also, Murphree on Sheriffs, § 997.

Tenancy by the curtesy is a well known species of freehold estate in lands, recognized in all the States having a common-law origin, unless changed by statute. It is a life estate in the surviving husband of a deceased wife, and to authorize its assertion, there must be a marriage, seizin by the wife during the coverture of an estate of inheritance, and birth of a living child, offspring of the marriage, capable of inheriting. This is the species of estate levied on, sold and conveyed in this case; and if Walker, the defendant in execution, was legally seized of such estate, then Richardson, the plaintiff, was entitled to recover. If there was no such seizin, he purchased nothing, and should not have recovered.

The plaintiff made claim of title as follows: A deed was made by Richard Walker to his wife, Alice Walker, bearing

date June 22, 1875, conveying to her directly the lot in controversy, with a *habendum* clause in the following language: "To have and to hold the above granted and described premises, with the appurtenances, unto the said party of the second part, her heirs and assigns, to the sole and proper use, benefit and behoof of the said party of the second part, her heirs and assigns forever." At the time this deed was executed, the grantor and grantee were husband and wife, and there had been issue of the marriage born alive—the defendant in the present suit. Mrs. Walker, the grantee, had died before the levy was made. Before her death, Mrs. Walker made her last will and testament, which was admitted to probate in September, 1883. By her said will, she gave and bequeathed the property in controversy to her daughter, Letitia Carrington; and against her this action is prosecuted.

If, under the execution against Walker, the levy in this case had been general, or upon the estate and interest of the said defendant, Walker, and the sale and conveyance had been in accordance with the terms of the levy, we are not prepared to deny the plaintiff would have shown a right of recovery. The conveyance by Walker to his wife was, in law, a mere nullity, and did not and could not transfer the legal title, or devest it out of him.—*McMillan v. Peacock*. 57 Ala. 127; *Helmetag v. Frank*, 61 Ala. 67; *Goodlett v. Hansell*, 67 Ala. 151; *Powe v. McLeod*, 76 Ala. 418; *Washburn v. Gardner*, *Ib*. 597; *Loeb v. McCullough*, 78 Ala. 533; *Loeb v. Manasses*, *Ib*. 555.

The right of Mrs. Walker, then, under the largest interpretation, was but an equitable estate or right, having no recognition in a court of law. If we concede that Mr. Walker became tenant by the curtesy, he could only succeed to such title as was in his wife—a tenancy of an equitable estate. And, purchasing at execution sale, Mr. Richardson did and could acquire only the title or right which Walker had held. The stream can not rise above its source. Acquiring, then, at most, only an equitable estate, Richardson can not maintain an action at law upon such a title.—*You v. Flinn*, 34 Ala. 409, 415, and the authorities cited: *Lehman, Durr & Co. v. Bryan*, 67 Ala. 558; *Tutwiler v. Munford*, 73 Ala. 308; *Downing v. Blair*, 75 Ala. 216.

What we have said above is, perhaps, decisive of this case. It does not touch the question, whether or not Walker became seized, as tenant by the curtesy, of the estate or interest Mrs. Walker had held. That question may become material before another tribunal, and in another form of proceeding. It has been very fully and carefully argued, with a zeal that indicates earnestness of conviction.

There are cases which hold, that the mere fact that the wife's

[Carrington v. Richardson.]

real property is secured to her sole and separate use, does not, without more, bar the husband of his curtesy, the other conditions concurring. *Morgan v. Morgan*, 5 Madd. Rep. 408, and *Mullany v. Mullany*, 3 Green's Ch. 16, are of this class. Other cases are mentioned in the brief of counsel. In *Smoot v. Lecatt*, 1 Stew. 590, there was an antenuptial agreement, by which the intended husband renounced "all claim, right, title, or interest to any part or parts of the estate . . . in right of the said A. S., his intended wife; she to retain the property, of what nature soever, for her own use and benefit." It was held this did not bar curtesy; but there was not a full court, and there was a well-reasoned dissenting opinion. It is difficult to conceive how the words employed can be construed as creating a separate estate in the wife. It would rather seem that they were an agreement by the husband, made in the treaty for marriage, and therefore binding on him, to renounce all property rights which would, in their absence, accrue to him as the result of the marriage. In other words, that he would not assert his marital rights. Thus interpreted, his marital rights and marital dominion never did accrue, and it would seem none of his rights, as such, ever could accrue.—*Machen v. Machen*, 15 Ala. 373; same case, 38 Ala. 364. We have other cases which assert the doctrine declared in *Smoot v. Lecatt*, but they are *dicta*. In the case of *Grimball v. Patton*, 70 Ala. 626, 635, is a *dictum* the other way, with a statement of some of the reasons on which it is based. There are other reasons against the doctrine asserted in *Smoot v. Lecatt*, not the least of which is the principle declared in *Cheek v. Waldrum*, 25 Ala. 152, and re-asserted in *Brevard v. Jones*, 50 Ala. 221, 238, that there accrued to the husband, by virtue of the marriage, " a life interest [in the wife's real estate], as tenant by the curtesy, after issue born, all of which could be sold away from her for the payment of his debts." How can this liability of the wife's property to be immediately sold away from her by the husband, or by the sheriff in payment of his debts, be harmonized with the provisions of the deed, which secured to Mrs. Walker, her heirs and assigns, the enjoyment of the property to " her sole and proper use, benefit and behoof."

Another inquiry : The conveyance is to Mrs. Walker, " her heirs and assigns." She devised the property by her will to Mrs. Carrington, her daughter. Is not this within the very letter of the deed, which empowers her to assign the property ?

But the doctrine announced in *Smoot v. Lecatt, supra*, is by no means of universal acceptance. See *Bennet v. Davis*, 2 Peere Wms. 316; *Hearle v. Greenbank*, 3 Atk. 695, 716; *Taylor v. Meads*, 4 DeGex, J. & S. 597; *Pool v. Blakie*,

53 Ill. 495 ; *Stokes v. McKibbin*, 13 Penn. St. 267 ; *Rigler v. Cloud*, 14 Penn. St. 361; *Cochran v. O'Hern*, 4 Watts & Serg. 95 ; 1 Washb. Real Property, 130. And, in conclusion, may we not well inquire, if there is not something in the changed policy of our laws, which has installed the wife, in her right to hold property, as the peer of her husband ? The question last considered, however, not being necessary to a decision of the present case, is not intended to be decided. The foregoing are but the announcement of my individual impressions, and are not intended to preclude further consideration of the question.

Reversed and remanded.