# Maxwell v. Grace.

## Statutory Action in nature of Ejectment.

1. *Conveyance by husband to wife; effect of statute approved February 28th, 1887.*—A conveyance of land by the husband to the wife, without the interposition of a trustee, executed prior to the 28th February, 1887, passed only an equitable estate or interest, of which a court of law could not take any cognizance, leaving the legal title in the husband, and subject to sale under execution against him; and though the statute passed on that day (Code, §§ 2341-51) may transmute that equity into a right or title on which the wife may maintain or defeat an ejectment, it can not have that effect as against a purchaser at execution sale against the husband prior to its passage.

APPEAL from the Circuit Court of Fayette.

Tried before the Hon. SAM. H. SPROTT.

This action was brought by Mrs. Annie E. Grace, the wife of B. E. Grace, to recover the possession of a tract of land particularly described in the complaint; and was commenced on the 10th February, 1888. Mrs. E. F. Maxwell intervened as landlord of the tenant in possession, and pleaded not guilty; and the cause was tried on issue joined on that plea. The plaintiff claimed the land under a deed of conveyance from her husband, which was dated January 6th, 1885, and recited as its consideration an indebtedness of $150 on account of money loaned to him by her, belong-

37

ing to her statutory estate; while the defendant claimed under a sheriff's deed, dated March 1st, 1886, as a purchaser at a sale under execution against said B. E. Grace, plaintiff's husband. The court charged the jury, "that they must find for the plaintiff, if they believed the evidence." The defendant excepted to this charge, and she here assigns it as error..

McGUIRE & COLLIER, for appellant.—The plaintiff's conveyance from her husband did not clothe her with a legal title, but was inoperative at law, and left the legal title in the husband, subject, of course, to sale under execution against him.—*Powe v. McLeod & Co.*, 76 Ala. 418; *Washburn v. Gardner*, 76 Ala. 597; *McMillan v. Peacock*, 57 Ala. 127; *Helmetag v. Frank*, 61 Ala. 67; *Goodlett v. Hansell*, 66 Ala. 151. The statute now of force, approved February 28th, 1887, can not be allowed a retrospective operation, so as to defeat or impair vested rights.—*Halliday v. Jones*, 57 Ala. 525; *Steamboat Co. v. Barclay*, 30 Ala. 120; *Wilson v. Matthews*, 32 Ala. 332; *Holman v. Bank*, 12 Ala. 369; *Howard v. Bugbee*, 24 How. 261; *Barnes v. Mayor*, 19 Ala. 707; *Kidd v. Montague*, 19 Ala. 619; *Gould v. Hayes*, 19 Ala. 438; *Smith v. Kolb*, 58 Ala. 645.

NeSMITH & SANFORD, *contra.*—The property was bought, as the evidence showed, with money which belonged to the wife's statutory estate, though the title was taken in the name of the husband; and the character of her estate was not changed, though the husband's subsequent deed did not convey to her a legal title.—*Loeb v. McCullough*, 78 Ala. 533; *Parker v. Marks*, 82 Ala. 548; *Jordan v. Smith*, 83 Ala. 299. The statute now of force, approved February 28th, 1887, abolishes the former distinction between equitable and statutory estates, except when property is conveyed to an active trustee.—Code, § 2351; *Rooney v. Michael & Lyons*, 84 Ala. 585. The statute is remedial, and making it applicable to existing rights of action is not impairing vested rights.—*Life Ins. & Trust Co. v. Boykin*, 38 Ala. 510; *Edwards v. Williamson*, 70 Ala. 145; *Weazler v. Kelly*, 83 Ala. 440; *Martin v. Matthews*, 80 Ala. 429; *Eskridge v. Ditmars*, 51 Ala. 245; *Paschal v. Whitsett*, 11 Ala. 472; 81 Ala. 110; Wade on Retroactive Laws, §§ 38, 157.

[Maxwell v. Grace.]

STONE, C. J.—We have had several statutes securing to married women their separate estates. The act of 1850, substantially conformed to by the Code of 1852, materially modified the act of 1848. Yet, we have held that estates acquired under the former statute, and held February 13th, 1850—Sess. Acts, 63—the time when the later statute was approved, passed immediately under its provisions, and thenceforth were governed by them. Such was the statutory provision.—Rev. Code, § 2388; Code of 1876, § 2722; *Cannon v. Turner*, 32 Ala. 483; *Warfield v. Ravisies*, 38 Ala. 518. So, property acquired by the wife under either of the former statutes, and held on the 28th of February, 1887 (the date of our latest enactment on the subject), passed immediately under the dominion of the act "to define the rights and liabilities of husband and wife," and thereafter was governed by its provisions.—Sess. Acts 1886-87, p. 80; Code of 1886, §§ 2341 to 2356; *Rooney v. Michael*, 84 Ala. 585.

In May, 1883, Caine and wife conveyed the lands in controversy to B. E. Grace, husband of Annie E., on a recited consideration of eight hundred dollars paid. In January, 1885, B. E. Grace, reciting a consideration of one hundred and fifty dollars, which his wife had lent him, her statutory separate estate, conveyed the lot in controversy by deed, directly to her. Under all our rulings, a deed of land, at that time, from the husband directly to his wife, was absolutely void at law, and conveyed no title. This left the legal title in the husband, but conveyed an equity to the wife, if the transaction was otherwise free from valid objection. But, so far as legal rights and remedies were concerned, the title was in the husband, who alone could sue or defend at law. *Powe v. McLeod*, 76 Ala. 418; *McMillan v. Peacock*, 57 Ala. 127; *Helmetag v. Frank*, 61 Ala. 67; *Warren v. Jones*, 68 Ala. 449; *Carrington v. Richardson*, 79 Ala. 101.

If the legal title to the lot in controversy had remained in B. E. Grace until the approval of the act of February 28, 1887, the question of transmuting her equity into a right to maintain or defend an action at law, would have pertained only to the remedy, not to the title. That statute, as we have seen, converted her equity into a right to sue at law. *Edwards v. Williamson*, 70 Ala. 145. But the legal title did not remain in B. E. Grace. Upon a judgment rendered in favor of Medlin, against B. E. Grace and others, an execution was issued, received and levied by the sheriff, and the

[Townsend v. Steel.]

lot in controversy sold under the execution, and purchased by Mrs. Maxwell, the appellant. In March, 1886, the sheriff executed a deed to her, which conveyed all the title that was in B. E. Grace. This, as we have seen, was then a legal title, while the claim of Mrs. Grace was, at the most, an equity. At any time between that conveyance—March, 1886—and February 28, 1887, Mrs. Maxwell could have recovered the property from Mrs. Grace, because, in a court of law, the legal title dominates the equitable.—*Carrington v. Richardson*, 79 Ala. 101.

If the statute of February 28, 1887, had not been enacted, no one would contend that Mrs. Grace could recover the lot of Mrs. Maxwell, in an action at law. Can legislation devest a legal title out of one, and vest it in another? This would not be due process of law.—*Ala. Gold Life Ins. & Trust Co. v. Boykin*, 38 Ala. 510; *Robertson v. Bradford*, 70 Ala. 385; *Wetzler v. Kelly*, 83 Ala. 440.

The jury ought to have been instructed to find for the defendant.

Reversed and remanded.